In re Burneice TURNER, d/b/a Bunni's Diamond Inn and f/d/b/a Bunnis' Rippling Brook Inn, Bunni's Casbar, Bunni's Andy C's, Debtor.

Burneice TURNER, Plaintiff-Respondent,

v.

Kenneth ERMINGER, Defendant-Appellant.

Bankruptcy No. 81–01716.
No. 83–CV–158.

United States District Court,
N.D. New York.

April 14, 1983.

Harold P. Goldberg, Syracuse, N.Y., for plaintiff-respondent.

Dirk J. Oudemool, Syracuse, N.Y., for defendant-appellant.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

This is an appeal from an Order of the Bankruptcy Court for the Northern District of New York (Marketos, Bkrtcy. J.), granting judgment against the appellant Erminger in the amount of $1,475.00 plus costs.

Respondent Burneice Turner filed a voluntary petition in bankruptcy on December 7, 1981, and filed a complaint in bankruptcy court against Kenneth Erminger, her former landlord, on February 23, 1982. Turner alleged that Erminger had converted $1,733.95 worth of property from the commercial premises she had been renting for use as a tavern. A hearing was held before

Judge Marketos at which Erminger admitted taking a mirrored ball and motor from the premises but denied taking anything else. Erminger sought to show that the Onondaga County Marshal or a collection agent may have seized the remaining items.

After hearing the evidence, Judge Marketos found that during the period in which the items disappeared, Erminger had exclusive control of the premises. The Judge also accepted the testimony of the Marshal and the collection agent that when they entered the premises pursuant to a judgment creditor's execution, they seized only three items (a cash register, a television, $76.00 cash), which have not been included in calculating the judgment against the appellant. Accordingly, it was the conclusion of the bankruptcy court that Erminger converted the following items: a mirrored ball and motor, a microphone amplifier, a turntable, an 8-track tape player. Judge Marketos accepted without modification Turner's testimony as to the value of these converted items. However, the debtor's claims for $258.95 worth of smaller items allegedly converted by Erminger were rejected.

On appeal, Erminger asserts three arguments: (1) Judge Marketos did not have jurisdiction over the subject matter of the proceeding; (2) the findings of fact are contrary to the weight of the evidence; (3) there was no proper foundation for respondent's testimony as to the value of the converted property.

*Jurisdiction*

■ Under 28 U.S.C. § 1471, district court and bankruptcy court jurisdiction extends to "all civil proceedings arising under ·title 11 or arising in or related to cases under title 11." This broad jurisdictional grant embraces "a wide variety of cases involving claims that may affect the property of the estate ..." *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858 at 2862, 73 L.Ed.2d 598 (1982). It is plain, and the appellant does not dispute, that this action to recover converted property of the debtor falls within the scope of the statutory grant of jurisdiction. Instead, appellant contends that the Supreme Court decision in *Northern Pipeline, supra* disabled the bankruptcy court from assuming jurisdiction over this case.[1]

The constitutional infirmity announced by the Supreme Court in its *Northern Pipeline* decision was that Congress has, in enacting § 1471, "impermissibly removed most, if not all of 'the essential attributes of the judicial power' from the Art. III district court, and has vested those attributes in a non-Art. III adjunct": the bankruptcy court. *Id.,* —— U.S. at ——, 102 S.Ct. at 2879–80. This and other districts throughout the federal system have sought to redress that infirmity by promulgating orders which permit cases within the jurisdiction of the district court to be deemed referred to the bankruptcy judges of that district. *See, Order of December 24, 1982,* ¶ (c)(1) (NDNY).[2]

■ The action at bar is a "related proceeding" within the meaning of ¶ (d)(3)(A) of the Order, since it falls within the class of "civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or state court." As such, it is within the power of the bankruptcy court to "submit findings, conclusions, and a proposed judgment or order to the district judge ..." *Id.,* ¶ (d)(3)(B). Thus the *Northern Pipeline* decision did not irrevocably divest the bankruptcy court of jurisdiction, but created a situation in which its findings, conclusions, and orders in relat-

1. The respondent has taken the position that the appellant has waived its jurisdictional defense by failing to raise it below. However, it is a cardinal rule of federal practice that the defense of lack of subject matter jurisdiction "never can be cured or waived by the consent of the parties ... (and) may be presented by any interested party at any time", including on appeal. Wright & Miller, *Fed.Prac. & Proc.* § 1393 at 856–66 (1969). *See, Dieffenbach v. Atty. Gen'l of Vt.,* 604 F.2d 187 at 199 (2d Cir.1979).

2. *See also, In re Northland Point Partners,* 26 B.R. 1019 (E.D.Mich.), upholding the constitutionality of that district's Order permitting the reference of cases under § 1471 to bankruptcy judges.

ed cases are, on appeal to this Court, to be considered proposals subject to acceptance, rejection or modification in accordance with *Order of December 24, 1982* ¶ (e).

*Review of Judge Marketos' Findings of Fact*

■ Under the Bankruptcy Rules, the district court is to accept the findings of fact of the bankruptcy court unless they are clearly erroneous, and due regard is to be given to the opportunity of the factfinder to judge the credibility of the witnesses. See Bkrtcy Rules 752, 810, Proposed New Bkrtcy Rule 8013. However, this principle is now subject to the *Order of December 24, 1982* which provides in ¶ (e)(2)(B) that "in conducting review, the district judge . . . need give no deference to the findings of the bankruptcy judge."

Of course, the Order does not *require* the district court to withhold all deference to the factual findings of the bankruptcy court, for to mandate non-deference would be to render bankruptcy court fact-finding proceedings completely unhelpful. Instead, the Order provides that the district court "need not" defer. To determine the appropriate degree of deference it is necessary to review the evidence adduced at the hearing.

At the hearing, the respondent (plaintiff below) testified that various items were in her tavern when she left on a trip to Detroit in late 1981; that when she returned the locks had been changed and she could not re-enter the premises. Thereupon, she filed for bankruptcy, and then contacted the respondent Erminger to admit her into the premises so that she might remove her personal property. Erminger's agent escorted her into the apartment, where she noted the missing items. Through the help of an attorney she recovered those items that were seized by the marshal and the collection agent, but she did not recover other items, which are the subject of this action.

The Marshal and the collection agent testified that Erminger was present at the time their seizure was made; that they only took a cash register, a television, and $76.00 cash.

Appellant Erminger (defendant below) testified that he changed the locks on the tavern door after seeing a notice posted on the door announcing an impending seizure of property from the tavern by the Marshal; Erminger feared that his own property would be seized from the premises. On the day of the seizure, Erminger testified that he accompanied the Marshal and the collection agent, and that he saw them remove more items than the Marshal and agent admitted to seizing. Erminger does admit, though, that it was he who removed the mirrored ball from the premises on that day.

There is a manifest conflict in the testimony of the witnesses. However, the disputed issues were adequately developed at the hearing, and the bankruptcy judge drew reasonable inferences from the evidence. Unlike this Court sitting in review, Judge Marketos had an opportunity to study the witnesses and evaluate their credibility. The Findings of Fact are sufficient to support the decision rendered, and appellant has failed to point to anything specific in those findings which lacks support in the record.

■ Thus, while this district's *Order of December 24, 1982* enables this Court to reject the findings below or order a *de novo* hearing, there is no basis for doing so. The conclusion of Judge Marketos that the appellant converted certain items belonging to the respondent has sufficient support in the record and is not to be disturbed.

*Value of the Converted Property*

■ Appellant also contends that the bankruptcy court erroneously accepted testimony by the respondent as to the value of the converted property, despite appellant's objections. Our review of the transcript reveals no such error. Respondent was certainly competent to testify as to the amount she paid for the items. With respect to respondent's competence to testify as to the current value of the items, her attorney established as foundation that she had

owned several bars; she had bought "a great deal" of used and new equipment for those bars; she had experience shopping around and comparing prices; she was familiar with the prices charged in the Syracuse area. This foundation adequately supports Judge Marketos' ruling admitting her testimony, on the basis of his finding that "she has had some experience in the purchasing and dealing with this type of equipment to function this type of enterprise, and I think she has sufficient knowledge to be able to justify that." *Transcript I* at 18. See Rule 602, Fed.R.Evid.

■ Of course, the fact that the respondent was competent to testify as to the value of the converted items does not mean that her testimony was wholly beyond rebuttal. However, appellant's attorney introduced no evidence to rebut the values asserted by the respondent (although he did elicit testimony that the respondent had only once shopped for a mirrored ball). In view of the absence of rebuttal evidence, it was certainly not error for Judge Marketos to regard as proven the valuations testified to by the respondent.

■ There does appear, however, to have been some confusion below as to the measure of damages to be employed. The proper measure of damages in an action for conversion is the value of the chattel at the time and place of the tort, that is, the depreciated value of the item. *Restatement of Torts,* § 222A. The respondent's testimony was directed primarily to (1) the amount she paid for each item, and (2) the amount it would cost her to purchase a new replacement. In each case, she testified that the replacement cost would significantly exceed the original cost. Relying on the evidence adduced at the hearing, Judge Marketos determined the value of the converted items on the basis of the lower figure supplied by respondent: her original cost.

■ The court's determination of value on the basis of respondent's testimony of original cost rather than depreciated cost does not warrant a new hearing. Judge Marketos had to make a decision based on the evidence before him and it was prudent under the circumstances to accept the lower figure for which there was evidence. That decision was in harmony with the liberal rule that where it appears that a party has suffered damage, uncertainty as to the exact amount thereof will not bar recovery. 25A *C.J.S.* Damages § 162(1). Moreover, in view of the uncontroverted testimony as to the higher price of new replacement items, Judge Marketos might reasonably have concluded that the value of the used items approximated their original cost. In short, we are of the view that, in the absence of any evidence of actual value other than the uncontroverted evidence offered by the respondent, Judge Marketos made what appears to have been the best calculation possible.

■ However, the valuation of two items warrants modification because of a discrepancy in the record. Respondent initially testified that the cost of the mirrored ball was $375, *Transcript I* at 14, and that amount was awarded to her. However, at the second day of hearings she produced a sales slip for the ball and stated that she paid only $310 for it. *Transcript II* at 58. Similarly, respondent initially stated that the motor cost her $75, *Transcript I* at 16, but later, apparently with sales slip in hand, acknowledged paying only $43 for it. *Transcript II* at 58–59. Since as discussed above, this Court is prepared to adopt Judge Marketos' determinations of value that were based on respondent's testimony as to her original cost, respondent should be awarded only $310 for the ball and $43 for the motor. The bankruptcy court's order is thus modified to reflect this slight diminution in the award.

As modified, Judge Marketos' Memorandum-Decision, Findings of Fact, Conclusions of Law and Order are adopted by this Court, and damages are awarded against the appellant in the amount of $1,378.00, together with the costs and disbursements of this and the bankruptcy court actions.

IT IS SO ORDERED.