In the Matter of William Lee **DOUGHTIE** and Linda Sue **Doughtie, Debtors.**

William **DOUGHTIE** and Linda **Doughtie, Plaintiffs,**

v.

**STOUGHTON ELECTRIC & WATER UTILITIES, Defendant.**

Adv. No. 83–0292–7.

United States Bankruptcy Court, W.D. Wisconsin.

June 18, 1984.

Michael J. Rynes, Community Law Services, Madison, Wis., for plaintiffs.

Lawrence E. Bechler, Jenswold, Studt, Hanson, Clark & Kaufmann, Madison, Wis., for defendant.

### MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

William and Linda Doughtie filed their chapter 7 petition on June 29, 1983 and received a discharge on October 11, 1983. At the time of filing they resided in a rental apartment in Stoughton, Wisconsin, and received electric service from the Stoughton Municipal Electric and Water Utilities ("the Utility"). As of June 21, 1983, the Doughties were $85.76 in arrears in payments to the Utility. The Doughtie's attorney notified the Utility on June 28, 1983 of the imminent filing, and warned the Utility that disconnection for nonpayment would violate the automatic stay of 11 U.S.C. § 362.

After their filing, and after they had mailed a copy of their petition to the Utility, the Doughties received a bill from the Utility for service from April 25 to May 25, 1983, bearing a "billing date" of June 21, 1983. On or about July 21, 1983, the Utility sent the Doughties a delinquency notice which included the threat of disconnection. Further contact between the Doughtie's attorney and the Utility's office manager resulted in the Utility's acknowledgment that its computer had not been properly recoded and a promise that the Doughties would not again be billed. No further threat or attempt at disconnection was made.

In October 1983, the Utility mailed a notice of delinquent charges to the agent of the landlord for the apartment, which notice asserted that by virtue of a local ordinance delinquent electric charges were deemed special charges for current services and constituted a lien on the apartment house. The Doughties have since moved from the apartment, but have brought this action to have the Utility found in contempt for violating the automatic stay under § 362, first by its post-filing delivery of a delinquency notice and thereafter by its pursuit of a lien recovery against the former landlord. The Utility has denied any intention on its part to collect from the Doughties after filing and argues that this court lacks and should refuse to exercise jurisdiction over its efforts to collect from and assert a lien against the property of the landlord. The case has been ably argued and briefed upon an agreed statement of facts.

Upon the entire record in this proceeding and for the reasons stated below the court concludes that the Utility has violated the automatic stay, but in a minor and techni-

cal way; that under some circumstances the assertion of lien rights against a debtor's former landlord could violate the injunctions of §§ 362 and 524, but the present attempt to do so is not such a case; and that the validity of the lien need not be determined because the court must abstain from hearing the lien dispute.

■ 1. The documents sent to the debtors by the Utility were, on their face, in violation of the automatic stay: they called for payment, and were thus delivered "to collect ... a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6). This is a contempt, mitigated by the fact that the first such notice was generated a week before the petition, while the second notice was apparently inadvertent and promptly withdrawn. The violations lack both negative intent and negative effect. They constitute a technical contempt for which no penalty ought to be imposed.

■ 2. The Utility argues that its assertion of its claimed lien rights does not violate any injunction, on the ground that it does not involve property of the debtor. 28 U.S.C. § 1471(e).[1] While the property of the debtor is not directly involved, this court has power under 11 U.S.C. § 105[2] to issue orders necessary to carry out provisions of the Bankruptcy Code. If an act against a third party served as an indirect means of collecting a claim against the debtor, a bankruptcy court may exercise its powers to enjoin such an act. *See, e.g.* *GAF Corporation v. Johns-Manville Corp.*, 26 B.R. 405, 415 (Bankr.S.D.N.Y. 1983) (extension of stay to nondebtor under

§ 105 must have purpose of protecting debtor's interests); *Johns-Manville Corp. v. Asbestos Litigation Group*, 26 B.R. 420, 428, 436 (Bankr.S.D.N.Y.1983) (stay extended under § 105 where true object is the debtor itself, or where acts against nondebtors would adversely affect property of Manville's estates). However, acts to recover from sureties or other co-obligors of a debtor are not ordinarily stayed by 11 U.S.C. § 362. *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124 (4th Cir.1983). *But cf.* 11 U.S.C. § 1301 (not applicable to chapter 7 cases).

■ It appears from the agreed statement of facts, as modified by the parties, that the Doughties no longer resided at the premises where they incurred the utility charges when the lien enforcement was attempted. Had they remained there, then arguably the effect of the lien assertion would be to induce their landlord to seek direct payment from the tenants or to raise their rent so as to allow the lien to be satisfied from the debtors' own funds. The Doughties have not claimed that either of those courses was pursued by the landlord prior to their move.

■ 3. Any dispute between the Utility and the landlord as to the validity of the lien is clearly between third parties, and sufficiently remote from the Doughtie's bankruptcy as to justify this court in declining to exercise whatever jurisdiction it may have to consider claims "related to" a bankruptcy case.[3]

---

**1.** 28 U.S.C. § 1471(e):
The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

**2.** 11 U.S.C. § 105:
Power of court.
(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.
(b) Notwithstanding subsection (a) of this section, a bankruptcy court may not appoint a receiver in a case under this title.

**3.** *See* 28 U.S.C. § 1471(b) and (d); *Turner v. Ermiger*, 724 F.2d 338, 341 (2d Cir.1983) (where legal action will not bring proceeds into estate, or require accounting to trustee, action lacks "significant connection" with bankruptcy case and lies outside bankruptcy jurisdiction); *Kash & Karry Wholesale, Inc. v. Citizens & Southern National Bank of South Carolina*, 28 B.R. 66, 70–71 (Bankr.D.S.C.1982) (bankruptcy court should abstain from extending stay to nondebtor co-obligors and guarantors on ground dispute did not involve debtor or his property).

Upon the foregoing, which constitute the findings of fact and conclusions of law in this proceeding, it is hereby

ORDERED that the plaintiffs' complaint in this adversary proceeding be and hereby is dismissed.