**In re George Edward HERSCHELL, d/b/a Kow Kow Farms, d/b/a Herschell's Collision and Merle Amina Herschell, Debtors.**

**No. 83–00197.**

United States Bankruptcy Court, E.D. Wisconsin.

Oct. 29, 1984.

John A. Esler, Kaukauna, Wis., for Herschell.

Patrick J. Harlow, Manitowac, Wis., for Lake to Lake Dairy.

M. Abigail O'Dess, Milwaukee, Wis., N.F.O.

## DECISION AND ORDER

D.E. IHLENFELDT, Bankruptcy Judge.

The debtors, dairy farmers, filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 21, 1983. At that time, they had a written patronage agreement with Lake to Lake Dairy Cooperative (Lake to Lake), which was signed by Merle Herschell (Herschell), whereby they delivered to and marketed their milk through Lake to Lake. The debtors' interest in this contract was not listed among the items claimed as exempt by them in their bankruptcy schedules, and the bankruptcy trustee showed no interest in and took no action with respect to this contract. The bankruptcy case was closed on September 30, 1983 as a "no-asset" case.

After January 21, 1983 and until October 6, 1983, the debtors continued to deliver their milk to Lake to Lake. On or about October 6, 1983, the debtors began shipping their milk instead to National Farmers Organization (NFO). Lake to Lake then brought suit in state court against Herschell and NFO. The defendants moved for summary judgment in state court, but thereafter with the view that there perhaps were issues of bankruptcy law which should be decided by the bankruptcy court, Herschell filed a motion in this court asking that Lake to Lake be found in contempt for bringing the action in state court.

Lake to Lake has filed a response denying that it is attempting to collect a debt that was discharged in bankruptcy. It asserts that the state court action is brought under Section 185.43 of the Wisconsin Statutes which does not authorize a claim for damages against a farmer patron such as the debtors. Examination of the state court complaint, a copy of which is attached to Herschell's motion, shows that the relief requested is an order for performance by the patron, an injunction against interference by NFO, and damages from NFO.

About one week after Herschell filed her contempt motion, NFO filed a similar motion in this court. NFO's position is that the debtor was discharged in bankruptcy, did not reaffirm any debt or obligation to Lake to Lake, and has not entered into any further contract with Lake to Lake subsequent to the bankruptcy action. NFO argues further that the patronage agreement between Herschell and Lake to Lake was an executory contract which was rejected by the trustee pursuant to § 365(d)(1) of the Code,[1] thereby giving rise to a general unsecured claim on the part of Lake to Lake which was discharged in bankruptcy. NFO also asks that Lake to Lake be found in contempt by this court.

 Aside from the fact that NFO has no standing to bring contempt proceedings in this court against Lake to Lake, its arguments as well as those of Herschell are misdirected. NFO's argument that the debtors did not enter into a contract with Lake to Lake subsequent to the filing of the bankruptcy petition begs the question.

---

1. That section provides that if the trustee in a chapter 7 case does not assume or reject an executory contract within 60 days after the order for relief, the contract will be deemed rejected by the trustee, giving rise to a general unsecured claim against the bankruptcy estate.

The issue in the state court action is whether or not there was a contract in existence between Herschell and Lake to Lake on or about October 6, 1983 which would provide the basis for an action by Lake to Lake under Section 185.43 of the Wisconsin Statutes. As Lake to Lake is not seeking to collect a debt that was discharged in bankruptcy, its action is not enjoined by the provisions of the discharge (11 U.S.C. § 524), and the motions of Herschell and NFO asking that Lake to Lake be held in contempt must be denied.

 Lake to Lake's state court complaint alleges in part:

"That on November 9, 1978, the defendant, Merle Herschell, signed a patronage agreement with the plaintiff and was accepted by the plaintiff on December 6, 1978; that the agreement was filed with the Register of Deeds of Manitowoc County, Wisconsin, on June 21, 1979, Document # 389125; that a copy of such agreement is attached hereto and made a part hereof; that said agreement is still in force and effect."

Whether that agreement is still in force and effect is of course disputed by Herschell and NFO. Rights in an executory contract are property rights of the debtor that are included in the bankruptcy estate. 11 U.S.C. § 541(a). The debtors failed to claim their interest in the contract as exempt, and the trustee's inaction resulted in the contract being rejected by virtue of § 365(d)(1) of the Code. That rejection constituted a breach of the contract deemed to have occurred immediately before the filing of the petition. 11 U.S.C. § 365(g)(1). That fact, however, is not necessarily determinative of the post-petition contractual relationship between Herschell and Lake to Lake on or about October 6, 1983 when the debtors began shipping their milk elsewhere. That is the issue which the state court must determine. It falls outside the scope of this court's jurisdiction because it has no "significant" connection with the

bankruptcy case. *In re Turner*, 724 F.2d 338, 11 BCD 728, 10 CBC 2d 782.[2] In accordance with this decision,

IT IS ORDERED that the motions of Merle Herschell and National Farmers Organization to find Lake to Lake Dairy Cooperative in contempt be and the same are hereby dismissed.

---

**2.** Although the *Turner* case was decided under the Emergency Rule and former § 1471(b) of Title 28, the same result necessarily follows under the virtually identical language of § 1334 as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984.