**In re LENCOKE TRUCKING, INC.,
Debtor in Possession.**

**LENCOKE TRUCKING, INC., Debtor in Possession and Plaintiff,**

v.

**FLEET SALES & LEASING CORPORATION, Defendant.**

Nos. CIV–87–1495E.
BK–84–20587 C.
Adv. No. AP 85–1155.

United States District Court,
W.D. New York.

April 24, 1989.

Paul Hurley, Buffalo, N.Y., for debtor in possession and plaintiff.

Michael J. Lombardo, Duke, Holzman, Yaeger and Radlin, Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The defendant, Fleet Sales & Leasing Corporation ("Fleet"), has objected to the Bankruptcy Judge's finding that judgment should be entered against it for $10,864.76. The plaintiff and debtor in possession, Lencoke Trucking, Inc. ("Lencoke"), had taken one of its trucks to Fleet for repairs following an accident. Lencoke claims that Fleet had done a shoddy repair job and now seeks to recover for its costs incurred in rectifying the negligent repairs. Fleet maintains that it should have been given the opportunity to make these repairs, obviating the cost Lencoke incurred elsewhere.

Before addressing the merits of this claim, it must be determined whether the Bankruptcy Court had jurisdiction to hear Lencoke's claim. Fleet argues that the Bankruptcy Court lacked jurisdiction over the instant claim unless this Court has obtained personal jurisdiction over Fleet under section 302 of New York's Civil Practice Law and Rules ("CPLR").

■ This argument is without merit. Pursuant to 28 U.S.C. § 1334(b) this Court has original but not exclusive jurisdiction over civil cases related to Title 11 proceedings. A case is "related" to a Title 11 case if there is a "significant connection" or nexus between the case at issue and the bankruptcy proceeding. *In re Turner*, 724 F.2d 338, 341 (2d Cir.1983). The scope of jurisdiction turns on " 'whether the outcome of the proceeding could conceivably have any effect upon the [bankrupt] estate being administered.' " *Ibid.* (*quoting with approval* from 1 Collier, Bankruptcy, ¶ 3.01[1][e] ). The instant case is related to a Title 11 case under such significant connection standard. Lencoke filed this action subsequent to its filing for bankruptcy and has requested a judgment for monetary damages on its behalf as the debtor-in-possession. As a result, any money damage will accrue to the bankrupt estate. This Court therefore has subject matter jurisdiction and, pursuant to 28 U.S.C. § 157(a), may transfer it to the Bankruptcy Court (which, essentially, is an adjunct of this Court).

■ Where, as here, federal court jurisdiction is based on the presence of a federal question, the only significant restraint on such court's assertion of personal jurisdiction is the service of its process. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir.1986). Although Bankruptcy Rule 7004 provides that Fed.R. Civ.P. rule 4(e) applies and rule 4(e) allows service to be made in accordance with state law, such is not the exclusive means of effecting service in the present case. Rule 7004 also provides directly for the service of a summons, rendering the method of rule 4(e) merely an acceptable alternative. Rule 4(e), by its terms, also indicates that effecting service in accordance with state law need not be the exclusive method: "Whenever a statute of the United States or an order of court thereunder provides for service of a summons * * * upon a party not an inhabitant of * * * the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the [federal] statute or order * * *."

The Bankruptcy Rules allow for nationwide service of process. 11 U.S.C. rule 7004(d). These rules further provide that process may be served by first-class mail "upon a domestic corporation by mailing a copy of the summons and complaint to the attention of an officer" of the corporation. *Id.*, rule 7004(b)(3). In this case, Lencoke sent copies of the summons and complaint by first-class mail to the attention of William H. Thayer, Fleet's President, at Fleet's business address in Pennsylvania. Personal jurisdiction over Fleet was thereby obtained.

Proceeding to the substance of Lencoke's claim, this Court notes that the standard for reviewing non-core bankruptcy proceedings has been adopted from that employed in reviewing dispositive proceedings held before a Magistrate. Advisory Committee Note to 11 U.S.C. rule 9003(d). A district court is required to conduct a *de novo* review upon the entire record. 11 U.S.C. rule 9003(d); *see* 28 U.S.C. § 636(a).

202

Fleet asserts that the Bankruptcy Judge failed to consider certain facts which support Fleet's position. Fleet stresses that Lencoke's owner, Leonard Coke, was substantially satisfied with the repairs because he had inspected the truck and then had endorsed the insurance check. He noted a few problems on the back of the check but failed to include many of those for which he presently seeks reimbursement. Yet, although unmentioned in the decision below, such actions by Coke do not amount to a waiver of any claim of negligent repair work that a later and more thorough inspection would reveal.

Fleet next maintains that, by having the truck repaired by a third party, Lencoke failed to mitigate damages. Fleet had beforehand offered in vain to make any corrective repairs at no cost to Lencoke— *see* Defendant's Exhibits B and E—and argues that Lencoke's declination to permit such gratuitous corrective repairs precludes recovery of damages herein.

The doctrine of avoidable consequences relieves a tort defendant from liability for that which a plaintiff could have reasonably avoided. *Federal Ins. Co. v. Sabine Towing & Transp. Co.*, 783 F.2d 347, 350 (2d Cir.1986). *Ellerman Lines, Limited v. The President Harding*, 288 F.2d 288, 289–90 (2d Cir.1961). As long as a plaintiff is acting within the "range of reason," however, a defendant will remain liable for all proximate damages. *Ellerman Lines, Limited v. The President Harding, supra*, at 290. The standard for reasonable action for an injured party is lower than the standard required by other branches of the law, *ibid.*, and the reasonableness of an injured plaintiff's decision depends upon the particular circumstances of the case. *Federal Ins. Co. v. Sabine Towing & Transp. Co., supra*, at 350–351.

This Court is compelled to disagree with the Bankruptcy Judge's conclusion that Lencoke acted reasonably in not permitting Fleet to attempt to make corrective repairs. Fleet had offered to perform any necessary corrective work *for free*. Even if such efforts had proven unsuccessful, Lencoke would have been no worse off and would still have had an opportunity to seek corrective repairs elsewhere. Thus Lencoke's purported lost confidence in Fleet's capabilities to perform repairs is without significance. Logically and reasonably, then, Lencoke should have given Fleet an opportunity to correct gratuitously any faulty repairs prior to Lencoke's having incurred costs for such from another party.

Reasonableness is, of course, a somewhat subjective factual consideration, but upon *de novo* review a district court is permitted to substitute its view for that of the Bankruptcy Judge. This Court finds ample basis within the record for doing so here. Inasmuch as Lencoke acted unreasonably in failing to mitigate its damages, Fleet is relieved from liability for such amount thereof which Lencoke might have reasonably avoided. Obviously, because Fleet offered to make the corrective repairs without charge, this amounts to the entirety of the damages.

Accordingly, it is hereby ORDERED that the Findings of Fact and Conclusions of Law of the Bankruptcy Court are vacated and that judgment is entered in favor of defendant Fleet Sales & Leasing Corporation.