**176–60 UNION TURNPIKE, INC., Plaintiff,**

v.

**HOWARD BEACH FITNESS CENTER, INC., d/b/a Gold's Gym; Fresh Meadows Fitness Center, Inc.; Frank Russo, Sr.; Frank Russo Jr.; Stephen Gordon, Defendants.**

**HOWARD BEACH FITNESS CENTER, INC., d/b/a Gold's Gym; Fresh Meadows Fitness Center, Inc.; Frank Russo, Sr.; Frank Russo Jr.; Stephen Gordon, Third–Party Plaintiffs,**

v.

**LEVIEN, DELISO, SONGER, P.C.; U.S. Skyline Realty Ltd.; Nachman Fix, Third–Party Defendants.**

No. 96 Civ. 6011(JES).

United States District Court
S.D. New York.

June 16, 1997.

Jasprett S. Mayall, Certilman Balin Adler & Hyman, L.L.P. (Michael D. Brofman, of counsel), East Meadow, NY, for Defendant/Third Party Plaintiff Howard Beach Fittness Center, Inc.

Donald Koch (Howard J. Wunderlich, of counsel), East Islip, NY, for Third Party Defendant Levien, Deliso, Songer, P.C.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Defendant/third party plaintiff Howard Beach Fitness Center, Inc., d/b/a Gold's Gym ("Howard Beach" or "debtor"), moves to transfer the venue of the above-captioned actions from the Southern District of New York to the Eastern District of New York. Third party defendant Levien, Deliso, Songer P.C. ("LDS–PC") opposes Howard Beach's motion to transfer venue and cross-moves for

remand of the action captioned "Sup.Ct.N.Y.County Index No. 107176/94" (hereinafter, the "Negligence Action") back to the Supreme Court of the State of New York. For the reasons set forth below, Howard Beach's motion to transfer venue is granted in part and denied in part, and LDS–PC's cross-motion to remand is granted.

## BACKGROUND

The above-captioned actions arise out of a lease of property (the "Lease") for a portion of the premises located at 176–60 Union Turnpike, Flushing, New York (the "Demised Premises").[1] *See* Memorandum of Law In Support of Motion To Transfer Venue, dated December 2, 1996 ("Howard Beach Mem."), at 2. On or about July 23, 1993, plaintiff 176–60 Union Turnpike, Inc. ("176–60 Union Tpke.") entered into the Lease with Howard Beach (the "Lease Agreement"). *Id.* On August 5, 1993, Howard Beach assigned the Lease (the "assignment") to its affiliate, co-defendant Fresh Meadows Fitness Center, Inc. ("Fresh Meadows"), which intended to improve the Demised Premises in order to operate a Gold's Gym. *Id.* Prior to negotiating and entering the Lease, Howard Beach hired third party defendants LDS–PC, U.S. Skyline Realty Ltd. ("U.S. Skyline"), and Nachman Fix to assist it in determining whether the operation of a Gold's Gym on the Demised Premises would be permitted by local building authorities and under local zoning laws. *Id.* at 2–3. These architecture and real estate professionals were also hired to ensure that the Lease and the assignment were drafted in accordance with the various parties' intentions and understandings. *Id.*

After expending considerable resources in furtherance of its plan, Howard Beach discovered that the operation of a Gold's Gym upon the Demised Premises was not a permitted use pursuant to the zoning rules and regulations of the City of New York. *See* Howard Beach Mem. at 2.

On May 10, 1994, 176–60 Union Tpke. brought suit against Howard Beach, Fresh

---

**1.** For the purpose of this opinion, the Court accepts the material facts alleged in the parties'

papers as true. *See Frasier v. General Electric Co.,* 930 F.2d 1004, 1007 (2d Cir.1991).

Meadows, and their guarantors, Frank Russo, Sr., Frank Russo, Jr., and Stephen Gordon in the Supreme Court of the State of New York, County of New York (hereinafter, the "Lease Action"), claiming, *inter alia,* breach of the Lease Agreement. *See* Notice of Removal, dated August 8, 1996 ("Notice of Removal"), Exh. A. On or about June 16, 1994, Howard Beach filed a third-party complaint against LDS–PC, U.S. Skyline, and Nachman Fix in the Supreme Court of the State of New York, County of New York (the Negligence Action), asserting, *inter alia,* state law claims in negligence and for contribution. *Id.* Exh. A at 44–6.

On March 29, 1996, Howard Beach filed a voluntary petition in bankruptcy pursuant to Chapter 11, *see* 11 U.S.C. § 101, *et seq.,* in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Action"). *See* Notice of Removal at 1. Sometime after March 29, 1996, 176–60 Union Tpke. filed a proof of claim in the Bankruptcy Court against Howard Beach. *See* Howard Beach Mem. at 11. On August 8, 1996, Howard Beach removed the Lease Action and the Negligence Action to the Southern District of New York. *See* Notice of Removal at 1. Since filing for bankruptcy relief, Howard Beach has continued to operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. *Id.*

On December 3, 1996, Howard Beach filed a motion to transfer the venue of the Lease Action and the Negligence Action from the Southern District of New York to the Eastern District of New York, where the Bankruptcy Action is pending. *See* Howard Beach Mem. at 1. On January 22, 1997, third party defendant LDS–PC filed a memorandum in opposition to Howard Beach's motion to transfer venue, and a cross-motion to remand the Negligence Action back to Supreme Court of the State of New York, County of New York, or in the alternative, for abstention by this Court in the Negli-

gence Action. *See* Memorandum of Law in Opposition to Motion for Change of Venue to Eastern District of New York and Cross-Motion for Remand to Supreme Court, State of New York or in the alternative for Abstention pursuant to 28 U.S.C. § 1334, filed January 22, 1997 ("LDS–PC Mem."), at 1. On March 21, 1997, Oral Argument was heard on Howard Beach's motion to transfer venue and LDS–PC's cross-motion for remand or abstention.

## DISCUSSION

■ Pursuant to 28 U.S.C. § 1452(a), entitled "Removal of claims related to bankruptcy cases,"

> [a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (1994). The district court may remand the claim or cause of action "on any equitable ground." 28 U.S.C. § 1452(b).

■ Section 1334 provides the jurisdictional basis for bankruptcy removal pursuant to § 1452(a), and states, in relevant part, that

> [t]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11.

28 U.S.C. § 1334(b) (1994); *see also Drexel Burnham Lambert Group v. Vigilant Ins. Co.,* 130 B.R. 405, 407 (S.D.N.Y.1991) (Section 1334(b) "provides for federal jurisdiction of three different types of proceedings: those that 'arise under' title 11, those 'arising in' a case under title 11, and those 'related to' a case under title 11."). While bankruptcy judges may hear and determine any "core proceeding" that "arises under" or "arising in" an action under title 11,[2] *see* 28 U.S.C. § 157(b) (1994), they may only hear a non-

---

**2.** An action "arises under" title 11 if the relief sought is based upon a right specifically created by title 11. *See In re Riverside Nursing Home,* 144 B.R. 951, 955 (S.D.N.Y.1992); Hon. Cornelius Blackshear, *Structure of the Code, New Bankruptcy Court, Jurisdiction, Venue, Appeals, Marathon,* 558 P.L.I./Comm. 211, 217 (Nov.1990)

(hereinafter "Blackshear"). A claim "aris[es] in" bankruptcy if, by its very nature, the claim can only be brought in a bankruptcy action because it has no existence outside of bankruptcy. *See In re Riverside,* 144 B.R. at 955; Blackshear at 217.

core proceeding if it is "related to" a bankruptcy action. *See* 28 U.S.C. § 157(c) (1994).

■ Once the district court establishes that it has jurisdiction over a claim or proceeding pursuant to § 1334(b), the court may refer the action "to the bankruptcy judges for the district." 28 U.S.C. § 157(a) (1994); *see Celotex Corp. v. Edwards,* 514 U.S. 300, 309, 115 S.Ct. 1493, 1499–1500, 131 L.Ed.2d 403 (1995).

■ Howard Beach contends that, pursuant to § 157(b)(3), the district court should first transfer both actions to the Eastern District of New York for referral to the Bankruptcy Court, which alone must determine whether the Lease Action and the Negligence Action are "core" or "non core" proceedings and thus, whether remand is appropriate. *See* Howard Beach Mem. at 7–8. However, this argument is contradicted by the clear language of the Supreme Court in *Marathon* in that such a mandate would "impermissibly remove[ ] most, if not all, of the 'essential attributes of the judicial power' from the Art. III district court, and ... vest[ ] those attributes in a non-Art. III adjunct." *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 87, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982) (plurality opinion); *see also, id.* at 79, 102 S.Ct. at 2875–76, *discussing United States v. Raddatz,* 447 U.S. 667, 682, 100 S.Ct. 2406, 2415–16, 65 L.Ed.2d 424 (1980) ("[T]he ultimate decisionmaking authority respecting all pretrial motions clearly remained with the district court."); *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993) (district courts should first focus on whether an adversary proceeding is "core" or "non-core"). Therefore, this Court rejects Howard Beach's argument that the Bankruptcy Court alone decides whether a proceeding is "core" or "non-core."

## I. THE LEASE ACTION

■ Howard Beach further contends that the Lease Action is a "core proceeding," *see* Howard Beach Mem. at 9, over which this Court has original jurisdiction under 28 U.S.C. § 1334(b), and that removal from the state court was therefore proper under 28 U.S.C. § 1452(a) and transfer to the Eastern

District of New York is likewise proper pursuant to 28 U.S.C. § 157(a). *Id.* at 1. Whether a matter is "core" or "non-core" within the meaning of title 11 "depends on the nature of the proceeding ... i.e., whether it is 'at the core of the federal bankruptcy power.'" *In re S.G. Phillips Constructors, Inc.,* 45 F.3d 702, 707 (2d Cir.1995) (*quoting Marathon,* 458 U.S. at 71, 102 S.Ct. at 2871). Section 157(b)(2) provides a nonexclusive list of "core proceedings," which includes proceedings involving the "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b)(2)(B); *see In re Hooker Investments, Inc.,* 937 F.2d 833, 838 (2d Cir.1991); *In re Manville Forest Products Corp.,* 896 F.2d 1384, 1389 (2d Cir.1990).

■ Where, as here, a creditor files proof of a pre-petition contract claim arising under state law against the debtor in the bankruptcy court, the bankruptcy court has "core" jurisdiction to determine that claim pursuant to Section 157(b)(2)(B). *See In re S.G. Phillips,* 45 F.3d at 705 (*citing In re Manville,* 896 F.2d at 1389–90). Therefore, since 176–60 Union Tpke. filed a proof of claim with the bankruptcy court against Howard Beach, the Lease Action is a "core proceeding," properly removed from the state court to the district court, and the bankruptcy court has jurisdiction to hear and adjudicate that claim. *See Langenkamp v. Culp,* 498 U.S. 42, 44–45, 111 S.Ct. 330, 331–32, 112 L.Ed.2d 343 (1990), (*citing Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2799, 106 L.Ed.2d 26 (1989), ("In *Granfinanciera,* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance' of claims, thereby subjecting himself to the bankruptcy court's equitable power.")); *see also Granfinanciera,* 492 U.S. at 59, 109 S.Ct. at 2799 ("[B]y submitting a claim against the bankruptcy estate, creditors subject themselves to the Court's equitable power to disallow those claims .... "); *accord In re Best Products Co., Inc.,* 68 F.3d 26, 30–32 (2d Cir.1995); *In re Coated Sales, Inc.,* 119 B.R. 452, 455 (Bankr.S.D.N.Y.1990). Accordingly, Howard Beach's motion to transfer the Lease Action

to the Eastern District of New York is granted.[3]

## II. THE NEGLIGENCE ACTION

 Since the Negligence Action involves neither a right specifically created by title 11 nor a claim having no existence outside of bankruptcy, *see* n. 2, *supra,* it is not a "core" proceeding. Therefore, as a "non-core" proceeding, this Court must determine whether or not the Negligence Action is "related to" the Bankruptcy Action and thus within the bankruptcy court's grant of jurisdiction pursuant to 28 U.S.C. § 157(c).

In the plurality opinion in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court invalidated the broad grant of jurisdiction given to the bankruptcy courts in the Bankruptcy Act of 1978, 28 U.S.C. § 1471. *Id.* at 87, 102 S.Ct. at 2880. *Marathon* involved a post-petition suit brought by a Chapter 11 debtor for breaches of contract and warranty, misrepresentation, coercion and duress. *Id.* at 56, 102 S.Ct. at 2863–64. The Court distinguished between "public rights," which "at a minimum arise 'between the government and others,'" *id.* at 69, 102 S.Ct. at 2870 (citations omitted) and "private rights" which involve "'the liability of one individual to another under the law as defined,'" *id.* at 69–70, 102 S.Ct. at 2870–71 (citations omitted), finding that while the "former category may be removed from Art. III courts ... private-rights disputes ... lie at the core of the historically recognized judicial power." *Id.* at 70, 102 S.Ct. at 2871 (citations omitted). While the Court found that "the restructuring of debtor-creditor relations ... is at the core of the federal bankruptcy power," *id.* at 71, 102 S.Ct. at 2871, it distinguished "the adjudication of state-created private rights, such as the right to recover contract damages," *id.,* concluding that the debtor's "right to recover contract damages to augment its estate is 'one of private right.'" *Id.* (citations omitted). With respect to such proceedings, the Court held that "Art. III bars Congress from establishing legislative courts to exercise jurisdiction over *all matters related to* those arising under bankruptcy laws." *Id.* at 76, 102 S.Ct. at 2874 (emphasis added).

Throughout the years since *Marathon,* courts have struggled to define what is a "related" proceeding. Since neither the House of Representatives nor the Senate issued a report on the Bankruptcy Amendments and Federal Judgeship Act of 1984, *see In re Ben Cooper, Inc.,* 896 F.2d 1394, 1398 (2d Cir.1990), *vacated on other grounds,* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), this Court will examine the Negligence Action in light of *Marathon* and its progeny to determine whether or not the bankruptcy court has jurisdiction to hear that proceeding pursuant to § 157(c).

One year after *Marathon,* Judge Friendly first defined the "related to" standard for the Second Circuit in *In re Turner,* 724 F.2d 338 (2d Cir.1983). In *In re Turner,* Judge Friendly determined that the debtor's conversion action was not "related to" her Chapter 11 bankruptcy case by examining whether or not there had been a showing that the civil proceeding had "*any 'significant connection'* " with the bankruptcy case.[4] *See id.*

---

3. Although Howard Beach requests that the Court order the Lease Action referred to the Honorable Conrad B. Duberstein, Chief Bankruptcy Judge for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), *see* Howard Beach Mem. at 1, 4, the unambiguous language of Section 157(a) limits the Court to referring an action "to the bankruptcy judges for the[ir] district." 28 U.S.C. § 157(a). Therefore, for the convenience of the parties and in the interests of justice, the Court will transfer the Lease Action to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a) with a recommendation that the action be referred to Chief Bankruptcy Judge Duberstein.

4. In *In re Turner,* the appellant argued that the definition of "related proceedings" as found in the Emergency Resolution, adopted by the Northern District to deal with the problems created by *Marathon,* was "invalid since, as read by the district judge, it would extend the jurisdiction of the district courts to a case having *no significant relation* to a bankruptcy proceeding." *In re Turner,* 724 F.2d at 340 (emphasis added). The district court in *In re Turner* had found that, because the debtor's conversion action was a civil proceeding that could have been brought in either state or federal court, it was a "related proceeding" within the meaning of the Emergency Resolution. Judge Friendly criticized the district court for its "overly literal application" of the Emergency Resolution. *Id.*

at 341 (emphasis added). Judge Friendly noted that, in light of the legislative history behind the "related to" language, "Congress must have intended to put some limit on the scope of 'related to' jurisdiction." [5] *Id.*

In *In re Ben Cooper, Inc.,* 896 F.2d 1394, 1398 (2d Cir.1990), *vacated on other grounds,* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), the Second Circuit agreed with the First Circuit's analysis of the legislative history of § 157, in that Congress intended that " 'core proceedings' would be interpreted broadly," while non-core, " '*Marathon*-type' cases" were "to be proceedings of 'a very limited kind.' " *Id.* at 1398–99 (citations omitted). The Second Circuit went on to extend the holding in *Marathon* to state law contract claims arising prepetition. *Id.* at 1400.

In *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 114 (2d Cir.1992), the Second Circuit enunciated a test for construing Judge Friendly's language in *Turner:*

> [t]he test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any "conceivable effect" on the bankrupt estate. If that question is answered affirmatively, the litigation falls within the "related to" jurisdiction of the bankruptcy court.

In *In re Orion Pictures Corp.,* 4 F.3d 1095 (2d Cir. 1993), the Second Circuit held that a pre-petition contract action brought by the debtor against a party that had not filed a proof of claim against the bankruptcy estate was an adversary proceeding that the Supreme Court in *Marathon* held "may not be finally adjudicated by a non-Article III judge." *Id.* at 1102 (citations omitted). That holding is dispositive here. *See also In re Best Products,* 68 F.3d at 32.

■ Although "bankruptcy jurisdiction [is] to be construed as broadly as possible within the constitutional constraints of *Marathon,*" *In re Ben Cooper,* 896 F.2d at 1398, this Court finds that any controversy having "only [a] speculative, indirect or incidental effect on the estate" is not "related to" the bankruptcy action within the meaning of Sections 157(a) and (c). *See In re Inn on the Bay, Ltd.* 154 B.R. 364, 367 (Bankr.S.D.Fla. 1993); *Showalter v. Rinard,* 126 B.R. 596, 599 (D.Or.1991); *In re Boyer,* 93 B.R. 313, 316 (Bankr.N.D.N.Y.1988); *State ex rel. Roberts v. Mushroom King, Inc.,* 77 B.R. 813, 819–820 (D.Or.1987); *Acolyte Electric Corp. v. City of New York,* 69 B.R. 155, 175 (Bankr. E.D.N.Y.1986); *In re Bowling Green Truss, Inc.,* 53 B.R. 391, 394 (Bankr.W.D.Ky.1985).

■ In light of the Second Circuit's admonition that district courts should be ever-mindful that "there is no evidence of any Congressional intent to contravene the Supreme Court's holding in *Marathon,*" *In re Orion Pictures,* 4 F.3d at 1102 (citations omitted), and not wanting to create an "exception to *Marathon* that would swallow the rule," *id.,* this Court finds that where, as here, a proceeding is a pre-petition negligence action originally brought by the debtor almost two years before it filed its petition in bankruptcy, where the defendant has not filed a proof of claim or counterclaims against the bankruptcy estate, that proceed-

---

**5.** Judge Friendly discussed the legislative history behind the "related to" language in 28 U.S.C. § 1471(b). *See* H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 42–52, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6004–13. Judge Friendly noted that the main reason behind Congress' use of the "related to" language

> was the fact that although the bankruptcy courts had in the past exercised jurisdiction over a wide range of proceedings, "a considerable part of a trustee's litigation to recover assets of the estate must be initiated in some court other than the bankruptcy court" ... [resulting in] delay, inconvenience, and the litigation of abstruse jurisdictional issues, all of which tended to work to the prejudice of the estate. What was needed was a "comprehensive grant of jurisdiction ... over all controversies arising out of any bankruptcy or rehabilitation case." There being no reason "why Congress cannot in the exercise of its power under the Bankruptcy Clause of the Constitution confer jurisdiction *over all litigation having a significant connection with bankruptcy,*" it enacted § 1471(b).

*In re Turner,* 724 F.2d at 340–41 (citations omitted) (emphasis added). Although 28 U.S.C. § 1471 was not carried forward into post-*Marathon* legislation, the Court finds Judge Friendly's analysis to be highly useful in light of Congress's use of the same language in 28 U.S.C. §§ 157(a) and (c) currently at issue in this action.

ing is not "related to" the Bankruptcy Action within the meaning of Sections 157(a) and (c).

This is especially true since although a judgment in Howard Beach's favor may "be expected to inure to the benefit of the debtor estate," *see In re Orion Pictures,* 4 F.3d at 1102; *see also In re Best,* 68 F.3d at 32, there could be no conceivable detriment to the administration of the bankruptcy estate in a case where no claim has been asserted *"against"* the bankruptcy estate in the bankruptcy court. Moreover, to allow a litigant to force the resolution of a *"Marathon*-type" pre-petition negligence state law claim in bankruptcy court merely by filing a petition in bankruptcy would be flatly inconsistent with *Marathon* and the right to a jury trial protected in judicial proceedings by state and federal law rights. *See In re Ben Cooper,* 896 F.2d at 1398–99 (citations omitted). Therefore, third party defendant LDS–PC's motion to remand the Negligence Action back to New York State Supreme Court is granted.[6]

### CONCLUSION

For reasons set forth above, defendant/third party plaintiff Howard Beach's motion to transfer venue of the Lease Action and the Negligence Action from the Southern District of New York to the Eastern District of New York shall be and hereby is granted in part with respect to the Lease Action, and denied in part with respect to the Negligence Action. Third party defendant LDS–PC's cross-motion to remand the Negligence Action back to the Supreme Court of the State of New York shall be and hereby is granted.

It is **SO ORDERED.**

---

**6.** Since the Court has granted LDS–PC's motion to remand the Negligence Action, the Court need not address LDS–PC's alternative motion for abstention.