In re UNIVERSAL PROFILE, INC., Debtor.

UNIVERSAL PROFILE, INC., Plaintiff,

v.

ATLANTA FEDERAL SAVINGS AND LOAN ASSOCIATION, E. John Hosch, Rex Baker, Jesse Jordan, Elizabeth Ann Ekern f/k/a Elizabeth Ann Kandell, Universal Profile Trust, and John L. Westmoreland, Jr., Defendants,

and

Elizabeth Ann EKERN f/k/a Elizabeth Ann Kandell, Third–Party Plaintiff,

v.

Karl A. KANDELL, Third–Party Defendant.

Bankruptcy No. 80–00358A.
Adv. No. 80–0222A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Sept. 18, 1980.

See also, Bkrtcy., 5 B.R. 572; Bkrtcy., 6 B.R. 194; Bkrtcy., 6 B.R. 196.

———.

Joseph F. Page, Robin N. Loeb, Garland, Nuckolls, Kadish, Martin & Catts, P. C., Atlanta, Ga., for Elizabeth Ann Ekern.

Donald J. Ellis, Carroll, Greenfield, Beltran, Ellis, Atlanta, Ga., for Karl A. Kandell.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter came before the Court on motion to dismiss third party complaint filed by third party defendant Karl A. Kandell on July 14, 1980: Having reviewed the motion and the briefs submitted by the parties, the Court makes the following decision.

## FINDINGS OF FACT

1. Universal Profile, Inc., (hereinafter referred to as "UPI"), filed a voluntary petition under chapter 11 of title 11 of the United States Code on February 5, 1980.

2. Karl A. Kandell, ("hereinafter referred to as 'Kandell' ") is the sole director, officer and shareholder of UPI.

3. At one time Kandell was married to Elizabeth Ann Ekern, (hereinafter referred to as "Ekern").

4. A "Complaint to Sell Free and Clear of Liens" was filed by UPI on March 17, 1980. UPI desires to sell two dwellings and improvements located on seven acres of land.

5. The real property which is the subject matter of the instant adversary proceeding was the marital residence of Ekern and Kandell.

6. On May 30, 1979 Ekern and Kandell entered into a settlement agreement which settled their rights with regard to their property, alimony, child custody, child support and related matters.

7. Paragraph 2 of the settlement agreement grants Ekern the right to remain in the marital residence until it is sold. It is provided that the house shall be sold and upon such sale the net proceeds remaining after payment of a first loan, real estate commission and closing costs are to be divided equally between Kandell and Ekern. By the terms of the settlement agreement, subsequent loans on the property are to be a charge on Kandell's interest therein.

8. By virtue of this settlement agreement Ekern claims an interest in the real estate UPI wishes to sell.

9. Ekern is a party defendant in this adversary proceeding. She has filed an answer to UPI's complaint to sell free and clear of liens claiming that UPI is bound by the settlement agreement.

10. In addition to her assertion against UPI, Ekern filed a third party complaint against Kandell. It is alleged that Kandell

breached the settlement agreement or, in the alternative, Kandell anticipatorily repudiated the settlement agreement. A cause of action based on fraud is also asserted by Ekern against Kandell.

11. A "Motion of Third–Party Defendant to Dismiss Third Party Complaint and Response to Third–Party Plaintiff's Motion to Dismiss" was filed by Kandell on July 14, 1980. Kandell argues that this Court does not have jurisdiction over the third party complaint for the reason that the subject matter of the complaint does not arise under title 11 nor is it a matter arising in or related to a case under title 11.

## APPLICABLE LAW

The applicable statutory provision is 28 U.S.C. § 1471(b) which reads:

"Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."

This statute embodies a broad jurisdictional grant to the bankruptcy courts. No longer is jurisdiction grounded on possession or consent. The purpose of this statute is to give the bankruptcy courts the power to handle everything that arises in a bankruptcy case thus alleviating the expense and delay caused by having to litigate these matters in other forums. For the legislative history of this statute see S.Rep. No. 989, 95th Cong., 1st Sess. 153–54 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787 and H.R.Rep. No. 595, 95th Cong., 1st Sess. 445–46 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

The issue before this Court is whether Ekern's third–party complaint is a civil proceeding arising under title 11 or arising in or related to a case under title 11.

An examination of the legislative history of 28 U.S.C. § 1471(b) is helpful in defining the phrases "arising under", "arising in" and "related to". It is said in H.R.Rep. No. 595, 95th Cong., 1st Sess. 445–46 (1977), U.S.Code Cong. & Admin.News 1978, p. 6401:

"The phrase 'arising under' has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11. For example, a claim of exemptions under 11 U.S.C. § 522 would be cognizable by the bankruptcy court, as would a claim of discrimination in violation of 11 U.S.C. 525. Any action by the trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter III of chapter 5 of title 11. Many of these claims would also be claims arising under or related to a case under title 11. Indeed, because title 11, the bankruptcy code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way 'related to' a case under title 11. In sum, the combination of three bases for jurisdiction, 'arising under title 11', 'arising under a case under title 11', and 'related to a case under title 11', will have no doubt as to the scope of the bankruptcy courts' jurisdiction over disputes."

This particular statement from the House Report is interpreted in Collier on Bankruptcy.

"What this language seems to mean is that, where a cause of action is one which either is one created by title 11 or which is concerned with what formerly were called 'administrative' matters in the sense that no adverse third party was involved (e. g. a dispute between the debtor and the trustee regarding a claim to exemptions), then that civil proceeding is one 'arising under title 11'."

1 *Collier on Bankruptcy* (15th Edition) ¶ 3.01, p. 3–40.

There are few cases in existence to aid this Court's interpretation of 28 U.S.C.

§ 1471(b). The cases which do exist are illustrative of the application of Section 1471(b), but they do not define the extent of the jurisdictional grant contained in this statute.

In *In Re: Jewel Terrace Corporation*, 3 B.R. 36, 1 C.B.C.2d 581 (Bkrtcy.Ct.E.D.N.Y. 1980) the court found that it had jurisdiction to hear the debtor's claim for rent monies collected by tenant's organization. However, the court declined to take jurisdiction for the reason that a state court proceeding had been initiated prior to the filing of the bankruptcy petition. An action brought by the trustee in bankruptcy against a creditor of the debtor's which involved issues under the Truth in Lending Act was heard by the bankruptcy court in *In Re: Claypool*, 2 C.B.C.2d 64 (M.D.Fla. 1980). The debtors in *In Re: Griffith*, 6 B.R. 750, 2 C.B.C.2d 387 (Bkrtcy.Ct.D.N.M.1980) brought an action to rescind a contract involving the only significant asset of the debtor's. It was held that the court had jurisdiction to hear this dispute and ancillary jurisdiction to hear the cross–claims for contribution and indemnity of the defendants. In *In Re: Trim–Lean Meat Products, Inc.*, 4 B.R. 243, 2 C.B.C.2d 117 (Bkrtcy.Ct. D.Del.1980) the court heard a case on the appropriation of a corporate opportunity by officers and directors of the debtor corporation.

These cases illustrate the broad range of matters over which the bankruptcy courts now have jurisdiction. However it must be noted that in each of the above–cited cases either the debtor, an asset of the debtor's estate or a claim of the debtor's was involved in the matter heard.

Ekern's claims are not based on any provision of title 11 of the United States Code. The resolution of her claims would require an application of state law. Therefore it cannot be argued that this third party complaint initiated a civil proceeding arising under title 11.

In a sense Ekern's third party complaint may be said to arise in or be related to a case arising under title 11. The settlement agreement between Kandell & Ekern purports to convey to Ekern an interest in the proceeds of the sale of real estate. UPI, the debtor herein, initiated an adversary proceeding in its chapter 11 case to sell the real estate in which Ekern claims an interest. Because Ekern claims an interest in the subject real property, UPI's complaint to sell free and clear of liens forced her to take action to try to hold UPI liable on the settlement agreement or to require Kandell to answer for any breach of the terms of the settlement agreement or for any fraud Kandell may have committed in connection with its execution. However, this Court does not think that Ekern's third party complaint involves a matter arising under or related to the instant adversary proceeding within the meaning of those terms as used in 28 U.S.C. § 1471(b). Contrary to the assertion of Ekern, the controversy between Ekern and Kandell does not directly concern the subject real property. It involves only the settlement agreement and Kandell's alleged fraud.

There is but a tenuous connection between this controversy and the debtor, the debtor's assets and the administration of the debtor's estate.

"[T]here must be some reasonable nexus between a particular civil proceeding and the title 11 case to bring that proceeding within the section 1471(b) grant of jurisdiction."

This Court concludes that there is no reasonable nexus between the civil proceeding commenced by Ekern's third party complaint and the instant title 11 case.

## CONCLUSIONS OF LAW

1. Ekern's third party complaint did not initiate a civil proceeding arising under title 11 of the United States Code or arising in or related to a case under title 11. Therefore this Court does not have jurisdiction over the subject matter of Ekern's third party complaint. It is therefore

ORDERED that Kandell's motion to dismiss the third party complaint shall be and same is hereby granted.