In re James D. LUNSFORD, Jr., Debtor.

Johnnie B. MADDOX, Plaintiff,

v.

UNITED STATES of America (FARMERS HOME ADMINISTRATION), Defendant.

Bankruptcy No. 81–0167.

United States Bankruptcy Court, M. D. Alabama.

July 8, 1981.

J. Earl Smith, Dothan, Ala., for debtor.

J. E. Sawyer, Jr., Enterprise, Ala., for plaintiff.

Barry E. Teague, U. S. Atty., Montgomery, Ala., for defendant.

## ORDER ON COMPLAINT TO RECOVER MONEY

RODNEY R. STEELE, Bankruptcy Judge.

On May 21, 1981, the Plaintiff filed a Complaint against the Defendant seeking to recover money which had been paid by the Debtor to the Defendant, Farmers Home Administration from crops sold by the Debtor. The money is alleged to have been paid to the Farmers Home Administration in satisfaction of its loan and security agreement made to the Debtor for farming.

The Plaintiff is a landlord who leased land to the Debtor for the purpose of making the crops, proceeds of which went to Farmers Home Administration.

The Complaint seeks recovery based upon the provisions of the Code of Alabama 1975 which provide for a priority of lien or claim upon the crops or proceeds from the sale of crops to the landlord.

By a Summons and Notice of Trial entered on May 27, 1981, the Complaint was set to be heard at Dothan on Wednesday, June 10, 1981. Notice was supplied to the Debtor and his attorney, to the Trustee and to the Plaintiff's attorney.

Then on June 9, 1981, the United States by the United States Attorney filed a Motion to Dismiss the Complaint as against the Farmers Home Administration on the grounds that Plaintiff had failed to perfect service in accordance with Rule 704(c)(4) of the Bankruptcy Rules, that he had failed to state a claim against the United States of America upon which relief could be granted, that the Court lacked subject matter jurisdiction, and that the Court lacked jurisdiction over the United States of America in that the suit is an unauthorized suit against a non-suable Federal agency and is barred by the doctrine of sovereign immunity.

When the matter came on for hearing on June 10, 1981, at Dothan, there was present the attorney for the Plaintiff and the attorney for the United States, Assistant United States Attorney, Calvin C. Pryor.

The Court concluded that the matter was not ready for trial and that some preliminary issues relating to the jurisdiction of the Court had to be first decided. The Court by a letter dated June 12, 1981, advised the parties that there were three preliminary issues raised by the Motion to Dismiss: 1) Does the Court have subject matter jurisdiction; 2) Does the Plaintiff have standing to sue; and, 3) Does the Plaintiff have a cause of action, that is, what is the theory of recovery.

The parties were given time to file letter briefs on these points and such time has now expired. The attorney for Plaintiff filed his brief on June 24, 1981.

We must conclude based upon the pleadings and upon the Motion to Dismiss, that the Motion to Dismiss is well taken and must be granted.

The matter of proper service is one which may be remedied. However, the Court concludes that it has no subject matter jurisdiction in this case, and that the United States and its Federal Agency the Farmers Home Administration have not waived sovereign immunity and that such sovereign immunity is not waived under the provisions of the Bankruptcy Code of 1978.

As to subject matter jurisdiction, Title 28 U.S.Code § 1471 was amended by the Bankruptcy Reform Act of 1978, to provide for jurisdiction of all cases under Title 11 to be exclusively and originally placed in the District Courts, to be exercised by the Bankruptcy Court.

But Section 1471(b) provides:

(b) Notwithstanding any act of Congress that confers exclusive jurisdiction on a court or courts other than the District Court, the District Courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or

arising in or related to cases under Title 11. . . .

This jurisdiction is also to be exercised by the Bankruptcy Court.

These provisions relating to jurisdiction do not materially alter the jurisdiction of the United States District Court. They do abolish the limitation under the Bankruptcy Act of 1898 of the jurisdiction of the Bankruptcy Court, as a Bankruptcy Court, to those matters in which possession of the Bankruptcy Court, actual or constructive was clear, or to those instances where consent had been given by the parties to determination of those rights in bankruptcy.

Under the 1898 Act, possession or rights in property of the Debtor were of crucial importance in determining jurisdiction.

■ And although under the 1978 Reform Act, the jurisdiction of the Bankruptcy Court as a Bankruptcy Court has been considerably expanded to permit it to consider all questions arising in civil proceedings under Title 11 or arising in or related to cases under Title 11, an examination of those matters which usually arise in bankruptcy indicates that such jurisdictional provisions do not extend to any and every conceivable matter which might arise relating to a bankrupt, his rights or his property interest.

■ It is clear that such jurisdiction extends always to the property rights or interest of the Debtor; thus, the Bankruptcy Court has exclusive jurisdiction of all of the property wherever located of the debtor as of the commencement of the case. Section 1471(e) of Title 28.

But there are some kinds of cases which are not within the jurisdiction of the Bankruptcy Court.

This conclusion is supported by the commentary in *Collier on Bankruptcy*, 15th Edition, Volume I, Para. 3.01, at page 3–49:

> . . . conceptually there is no limit to the reach of this jurisdiction, insofar as the matter involved 'arises in or is related to' the Title 11 case. Situations will undoubtedly arise in which the controversy is so tangential to the Title 11 case that a

court will hold that the case neither arises in nor is related to the Title 11 case. In such cases, the Bankruptcy Court may decide that the exiguous nature of the relationship between the proceeding and the bankruptcy case is such as to fall without the court's jurisdiction. The criterion to be adopted in such a situation will undoubtedly be related to a determination of whether the outcome of the proceeding could conceivably have any effect upon the estate being administered.

Here the matter in controversy is a sum of money which was in the hands of the United States of America through the Farmers Home Administration prior to bankruptcy and arising out of the proceeds from the sale of crops. The United States appears to have a security interest in this property. It does not appear to be property of this estate. It is not claimed by the Trustee.

■ And this controversy between the Plaintiff/landlord, and the Farmers Home Administration a secured creditor, revolves around who is entitled to that money, to which this estate makes no claim. We think that controversy is so far removed from the administration of this estate and the rights of the creditors generally that the Court cannot be said to have subject matter jurisdiction. The matter is not a "civil proceeding arising under Title 11". Nor is it a civil proceeding "arising in or related to this case under Title 11".

If Trustee were to undertake recovery of this property on some specified grounds of the Bankruptcy Code, it is clear that it would involve property claimed by this estate which would confer jurisdiction upon the Court.

■ And while the sovereign immunity defense would not be good against Trustee if he were to seek recovery of this property from the Farmers Home Administration, it is a good defense where an individual creditor seeks to recover that same property.

Section 106 of the Bankruptcy Code of 1978 provides for a limited waiver of sovereign immunity which includes in sub-section (c) thereof the following language:

(c) Except as provided in Sub-sections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity.

(1) A provision of this title that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units; and

(2) A determination by the Court of an issue arising under such a provision binds governmental units.

This provision was intended initially to provide jurisdiction to the Bankruptcy Court to decide matters involving tax liability, but its language is broad enough to cover complaints for the recovery of property from governmental units under trustee's or debtor's avoiding powers. See Congressional Committee Notes.

We conclude that the complaint fails to show subject matter jurisdiction in the Bankruptcy Court, and that the United States and its agency the Farmers Home Administration have not waived sovereign immunity and that such sovereign immunity is not waived under Section 106 of the Bankruptcy Code, where the trustee is not seeking the recovery of property of this estate or the determination of the rights of Debtor or this estate.

It is therefore ORDERED that the Motion to Dismiss is GRANTED and the Complaint to recover money in this case is hereby DISMISSED.