**In re Larry Delano HAUG and Wanda Diane Haug, Debtors.**

**James HEAGLE and Terry Heagle, husband and wife, dba Bar-J-Family Restaurant, Plaintiffs,**

**v.**

**Wanda Griffee HAUG, dba Austin's Pancake and Steak House, and William Ingram, dba Bill Ingram Realty, Business Brokers, Inc., and Bee Knauss, Defendants.**

**Bankruptcy No. 381–03887.**
**Adv. No. 82–0059.**

United States Bankruptcy Court, D. Oregon.

March 11, 1982.

Eugene D. Cox, Portland, Or., for plaintiffs.

David Nepom, Portland, Or., for Business Brokers, William Ingram and Bee Knauss.

## ORDER DISMISSING INGRAM, BUSINESS BROKERS, INC., AND BEE KNAUSS

DONAL D. SULLIVAN, Bankruptcy Judge.

James and Terry Heagle, the plaintiffs, filed a complaint to obtain a judgment for damages and a determination of nondischargeability against Wanda G. Haug, the debtor, and to obtain judgment against three other co-defendants who are not in bankruptcy, for alleged fraud arising from a sale on contract by the debtor to the plaintiffs of a restaurant business. The codefendants are William Ingram and Business Brokers, Inc., who arranged the sale, and Bee Knauss, to whom the debtor later assigned the vendor's interest in the contract of sale. Plaintiffs seek a judgment against the debtor which is not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2), a judgment for damages against the sales person and brokerage firm which is based upon common law fraud, and a judgment rescinding the contract against the assignee of the contract, which is also based upon common law fraud. The nondebtor defendants filed motions to dismiss for lack of jurisdiction under 28 U.S.C. § 1471.

The motion to dismiss the complaint against the nondebtor defendants should be granted because the causes for relief asserted against them are not "civil proceedings arising under Title 11 or arising in or related to cases under Title 11" within the meaning of 11 U.S.C. § 1471(b).

■ The involvement of multiple defendants in a common set of facts which results in a federal cause against one defendant and nonfederal causes against the other defendants is sufficient to satisfy the "arising out of the same transaction" requirements of Rule 20(a) FRCP governing joinder of persons, but, by itself, does not supply federal subject matter jurisdiction over the controversy involving the other defendants.

Judicial economy, although desirable, does not alone justify extension of federal subject matter jurisdiction to both nonfederal causes and to new parties. *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). Cases which broadly allow joinder of nonfederal causes where subject matter jurisdiction already extends to third parties are not pertinent cases. Cases such as *In re Zamost*, 7 B.R. 859, 7 B.R.W. 859, 7 B.C.D. 34, (Bkrtcy.S.D.Cal., 1981) which assert that a broad view exists in bankruptcy with respect to pendant jurisdiction over third parties blur the difference between permissible joinder and permissible jurisdiction and overlook the tradition and analysis expressed in *Aldinger.*

■ Legislative history points to various tests governing federal question jurisdiction under 28 U.S.C. 1331(a) for guidance in applying the "arising under" language of 28 U.S.C. 1471(b). All of these tests require that the rights of either the plaintiff or the defendant be created by or be dependent upon an appropriate federal statute. *1 Collier on Bankruptcy*, § 3.01 at 3–39 (15th Ed., 1981); *Wright, Law of Federal Courts*, § 17, p 67, (West, 3rd Edition, 1976). Alternatively, for purposes of applying the other tests of "arising in or related to" under 11 U.S.C. 1471(b), there must be a reasonable nexus or logical connection between the civil proceeding for which jurisdiction is sought and the parent bankruptcy proceeding. A tenuous connection between the controversy and the debtor, his assets, and the administration of his estate will not support jurisdiction under this language of .28 U.S.C. § 1471(b). *In re Universal Profile*, 6 B.R. 190, 6 B.R.W. 190, 193, 6 B.C.D. 919 (Bkrtcy.N.D.Ga., 1980); *In re Lunsford*, 12 B.R. 762, 12 B.R.W. 762, 4 C.B.C.2d 1200 (Bkrtcy.M.D.Ala., 1981); *1 Collier on Bankruptcy, supra*, p. 3–46, 3–48. Considering the liberal abstention authority granted in 11 U.S.C. § 1471(d), questions of fairness in requiring third parties to defend in a bankruptcy forum, and the constitutional and statutory basis for *Aldinger's* reaffirmation of the limitations on Federal Court jurisdiction, bankruptcy jurisdiction over nonban-

kruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist.

The causes asserted against the non-debtor defendants in the present proceeding are not based upon any right granted or affected by any provision of Title 11, do not involve the trustee or the administration of the bankruptcy case, and do not involve issues of dischargeability. In addition, the defendants have not filed a claim and do not seek to defeat plaintiffs' cause based upon any provision of Title 11. Plaintiffs' remedy against these defendants is properly in another court.

Plaintiffs' complaint fails to allege a basis of federal jurisdiction over the nondebtor defendants as required by Interim Rule 7002, and plaintiffs have not indicated either in oral argument or in written memoranda that there is a basis for federal jurisdiction.

IT IS ORDERED that the motion to dismiss William Ingram, Business Brokers, Inc., and Bee Knauss is granted, and these defendants are hereby dismissed.