In re Helena B. LATHROP, Debtor.

Helena B. LATHROP, Plaintiff,

v.

Stuart L. MEYER and Televideo Consultants, Inc., Defendants.

Bankruptcy No. 83 B 5076.
Adv. No. 84 A 160.

United States Bankruptcy Court, N.D. Illinois, E.D.

May 31, 1985.

---

Rosenthal & Schanfield, Chicago, Ill., for defendants.

Robert Keno, Northfield, Ill., for debtor.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard on the Motion of Defendants STUART MEYER and TELEVIDEO CONSULTANTS, INC., represented by ROSENTHAL & SCHANFIELD, for Judgment on the Pleadings upon the adversary Complaint filed against them by Debtor, HELENA B. LATHROP, represented by ROBERT KENO, and the Court, having considered the pleadings on file, and having afforded the parties an opportunity for hearing; and having considered the argument of counsel in support of their respective positions, and being fully advised in the premises:

The Court Finds:

1. On April 21, 1983, Debtor, HELENA B. LATHROP, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Debtor's Chapter 13 plan was confirmed on August 17, 1983, and the case is currently in the process of administration.

2. On February 1, 1984, Debtor filed a Complaint against the above-entitled Defendants, STUART MEYER and TELEVI- DEO CONSULTANTS, INC., seeking recovery of a 50% beneficial interest in a land trust, the *res* of which is Debtor's personal residence. In the alternative, Debtor requested specific performance of the agreement under which Defendants acquired the 50% beneficial interest in the land trust, and under which Defendants agreed to keep mortgage payments current on Debtor's residence and to make certain other payments.

3. Defendants filed a joint Answer to Debtor's Complaint on March 19, 1984, which denied the material allegations of the Complaint, asserted an affirmative defense, and interposed counterclaims against Debtor's estate. Specifically, Defendant STUART MEYER asserted a counterclaim for recovery of $2,500.00 plus interest and costs for Debtor's alleged breach of an oral agreement to reimburse him for his repayment of a loan Debtor received from the First National Bank and Trust Co. of Evanston. Defendant, TELEVIDEO CONSULTANTS, INC., asserted two counterclaims against Debtor's estate: the first sought recovery of $2,500.00 plus interest and costs on a note executed by Debtor; the second sought recovery of $24,719.04 plus interest and costs for Debtor's alleged breach of a sales franchising agreement.

4. On September 19, 1984, Defendants filed the present Motion For Judgment on the Pleadings which challenged, among other things, the constitutionality of this Court's exercise of subject matter jurisdiction over Debtor's Complaint. Debtor filed a response to Defendants' Motion on October 4, 1984.

The Court Concludes and Further Finds:

1. In their Motion For Judgment on the Pleadings, Defendants first suggest that this Court lacks subject matter jurisdiction over Debtor's Complaint on the ground that Debtor's bankruptcy case is no longer pending before this Court. However, Debtor's Chapter 13 case, which is in the process of post-confirmation administration, is pending before this Court. 11 U.S.C. § 350.

■ 2. Defendants next suggest that the new jurisdictional provisions enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 98 Stat. 333, are unconstitutional, on the ground that Article III, § 2 of the United States Constitution limits the subject matter jurisdiction of federal courts to determination of claims arising under federal law or involving citizens of different states or foreign countries. The United States Court of Appeals for the Seventh Circuit had occasion to address the authority of the United States District Court to exercise bankruptcy jurisdiction under former section 1471(a) of title 28, and it held, at least for purposes of section 1471(a), that the district court had authority to exercise original jurisdiction over bankruptcy cases. *In re UNR Industries, Inc.*, 725 F.2d 1111, 1115 (7th Cir.1984). The Seventh Circuit in the above opinion favorably cited decisions entered by courts of other circuits which addressed the authority of the district court to exercise original but not exclusive jurisdiction over bankruptcy proceedings and related cases under former section 1471(b). *See e.g. Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075 (3d Cir.1983). These authorities would seem to dispose by analogy of Defendants' contentions with reference to the constitutionality of the exercise by the *district* court of original bankruptcy jurisdiction over bankruptcy cases and proceedings and related cases under the present jurisdictional provisions of title 28 of the United States Code, 28 U.S.C. § 1334(a), (b), which are identical to the former provisions of section 1471(a) and (b).

■ Defendants further argue that Debtor's Complaint, which involves disputed state law claims, can not constitutionally be referred by the district court to the bankruptcy court for adjudication. The Court observes, however, that Congress has express authority to legislate with reference to the subject of bankruptcies, U.S. Const. art. I, § 8, and has implicit authority to establish appropriate tribunals to administer the Nation's bankruptcy laws. Congress exercised this authority when it enacted section 104 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. §§ 151–158, which established a system under which the district court could, at its option, refer bankruptcy cases and proceedings for adjudication to the unit of the district court known as the bankruptcy court.

By General Order dated July 10, 1984, the United States District Court for the Northern District of Illinois, Eastern Division, exercised its authority under 28 U.S.C. § 157(a) and referred bankruptcy matters to this Court. The district court may withdraw the reference to this Court of individual or *all* bankruptcy matters at any time. 28 U.S.C. § 157(d).

■ In addition, the new jurisdictional provisions of title 28 added by the Bankruptcy Amendments and Federal Judgeship Act of 1984, place certain limitations on the authority of the bankruptcy court to enter a final decision on the merits of claims arising under state or non-bankruptcy federal law asserted against non-bankruptcy parties defendant, of the sort discussed by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The effect of these amendments was to establish a specialized Article I bankruptcy court capable of administering the Nation's bankruptcy laws, while at the same time assuring litigants that an Article III tribunal would be the final arbiter of the merits of state and federal claims prosecuted against parties which would not otherwise appear before the bankruptcy court but for the pendency of a bankruptcy case involving a party plaintiff. For these reasons, it is the considered opinion of this Court that the jurisdictional provisions added to title 28 of the United States Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984 are constitutional. U.S. Const. art. I, § 8.

■ 3. Defendants next contend that the Court lacks subject matter jurisdiction over Debtor's Complaint, to the extent the Complaint predicates the Court's jurisdiction of this matter on the provisions of section 1471 of title 28 of the United States Code. Plaintiff is granted leave to amend

its Complaint to contain an appropriate jurisdictional statement. Federal Rule of Civil Procedure 15; Bankruptcy Rule 7015.

■ 4. Defendants also suggest that this Court, in the interest of comity with state courts and respect for state law, should abstain from hearing Debtor's Complaint pursuant to section 1334(c)(1) of title 28 of the United States Code. Defendants do not represent that there is any state court action currently pending with reference to the matters raised in Debtor's Complaint. This Court, in the exercise of its discretion, declines Defendants' suggestion that the Court should abstain from hearing this matter.

■ 5. The disposition of the present Motion For Judgment on the Pleadings constitutes a core proceeding. 28 U.S.C. § 157.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion For Judgment on the Pleadings filed by Defendants STUART MEYER and TELEVIDEO CONSULTANTS, INC. be, and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtor HELENA B. LATHROP be, and the same is hereby granted leave to amend the above-entitled adversary Complaint to include an appropriate jurisdictional statement.