In re BOWLING GREEN TRUSS, INC. Debtors.

The CITIZENS NATIONAL BANK OF BOWLING GREEN, Plaintiff,

v.

SCHABERG LUMBER COMPANY Bowling Green Truss, Inc. Jack Brothers, Defendants.

Bankruptcy No. 18400586. Adv. No. 1850002.

United States Bankruptcy Court, W.D. Kentucky.

Oct. 1, 1985.

Stephen L. Hixson, Bowling Green, Ky., for plaintiff.

Norman E. Harned, Bowling Green, Ky., for debtors.

Jerry L. Moore, Kevin C. Brooks, Bowling Green, Ky., for Schaberg Lumber Co.

1. *In re Dr. C. Huff, Inc.,* 44 B.R. 129 (Bkrtcy.W. D.Ky.1984); *In re Goree,* 45 B.R. 704 (Bkrtcy.W. D.Ky.1985); *In re D.L. McKinney,* 45 B.R. 790 (Bkrtcy.W.D.Ky.1985).

2. Schaberg Lumber Co. is a Michigan Corporation.

3. Supra note 1.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

With this case jurisdiction again becomes an issue. In a series of recent decisions [1] we noted our limitations; here we express a somewhat more assertive view, but for different legal reasons in each of the three counts of this complaint.

This adversary proceeding began with the Citizens National Bank of Bowling Green (Citizens) filing suit against Bowling Green Truss, Inc. (the debtor), Jack Brothers, and Schaberg Lumber Company (Schaberg) [2]. The complaint (1) seeks to have determined the nature, validity and extent of Citizens' lien on the debtor's accounts receivables; (2) recites a state law claim of conversion against Schaberg, and (3) sets forth a state law claim against Brothers as guarantor of the debtor's obligation. The debtor admitted all of the allegations against it, except the exact amount of its outstanding obligation to Citizens; cross-claimed against Schaberg on breach of contract, and also asserted a preference claim. Schaberg responded by moving to dismiss for lack of jurisdiction. Brothers has not yet answered the complaint.

Our initial question is that of jurisdiction over the various claims raised by Citizens, which we will consider separately, each on its own jurisdictional merits. As we noted in the case of *In re Dr. C. Huff Co., Inc.,* [3] the 1984 Amendments to the Bankruptcy Code established three classes of legal controversies which can arise before a U.S. Bankruptcy Court. They are:

1). "Core" cases;

2). "Noncore" related cases; and

3). "Noncore" unrelated cases. [4]

The extent of the court's authority is different in each class of cases.

4. Some courts have adopted a four category classification of the types of legal controversies which can arise before a bankruptcy court. *See In re Alexander,* 49 B.R. 733, 735 (Bkrtcy.D.N.D. 1985):

This grant of [Bankruptcy] jurisdiction may be broken down into four categories:

(1) All cases under Title 11;

In the present action, under the provisions of 28 U.S.C. § 157(b)(1), we have core proceeding jurisdiction to hear and decide Citizens' action to determine the extent, nature, and priority of their lien on the debtor's accounts receivable. However, that fact alone does not confer power to hear and decide Citizens' actions against Schaberg and Brothers. Citizens' complaint against Schaberg creates a proceeds priority dispute between two creditors, and Citizens' action against Brothers is a state law proceeding against the guarantor of a note. No provision of Section 157(b)(1) expressly covers these two causes of action, and while the 15 types of proceedings listed in Section 157(b)(1) are not the only actions which are to be considered "core proceedings",[5] state law claims such as the ones brought by Citizens against Brothers and Schaberg are clearly not core proceedings for purposes of Section 157(b)(1).

In a second category of controversies, that of noncore, related cases, bankruptcy courts may conduct hearings but cannot enter final orders without the consent of the parties. The term "related proceeding" is not defined in either Section 157 or in Section 1334 of Title 28 of the United States Code. The definition given to the term by the Interim Emergency Rules—adopted by the federal court system in the wake of the *Northern Pipeline Construction Co. v. Marathon Pipe Line*[6] case—was so broad as to be of no guidance in considering the limits of jurisdiction.[7] Courts and scholars have devised various definitions.[8] In *Dr. C. Huff*[9] we adopted the Tenth Circuit Court of Appeal's definition of "related proceeding" as a restrictive measure of our jurisdiction. In *Matter of Colorado Energy Supply, Inc.*,[10] the Tenth Circuit stated that: "[r]elated proceedings ... are [those] adversary cases and controversies which are triable only by Article III courts or state courts ... [They] are traditional state common-law actions not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law...."[11].

This measure of jurisdiction is similar to the definitions of "related to" jurisdiction adopted by the Second and Seventh Circuit Courts of Appeals[12]. Further, the *Colorado Energy* guidelines are consistent with the Sixth Circuit Court of Appeals discussion of "related to" jurisdiction in the case of *White Motor Corp. v. Citibank N.A.*[13] where the court said that:

"peripheral, non-traditional bankruptcy issues ... cannot be adjudicated by a

---

(2) All civil proceedings arising under Title 11;

(3) All civil proceedings arising in cases under Title 11; and

(4) All civil proceedings related to cases under Title 11.

*See also* 28 U.S.C. § 157(a). We believe that our three category scheme more correctly reflects the true scope of a bankruptcy court's authority.

**5.** *See* 28 U.S.C. § 157(b)(2) [Core proceedings include, but are not limited to—].

**6.** 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

**7.** *See Generally In re Turner*, 724 F.2d 338 (2d Cir.1983).

**8.** *In re Alexander*, 49 B.R. at 737 ("Courts ... construing the term 'related' have said that it means that there exists a direct relationship to the administration of the bankruptcy estate."); *In re Systems Marketing Consolidated, Ltd.*, 19 B.R. 519 (Bkrtcy.N.D.Ill.1982) ("[R]elated to ... proceedings ... have a logical or causal connec-

tion to [a bankruptcy] case."); *In re Haug*, 19 B.R. 223, 224 (Bkrtcy.D.Or.1982) ("[T]here must be a reasonable nexus of logical connection between the ... proceeding for which jurisdiction is sought and the parent bankruptcy case. A tenuous connection between the controversy and the debtor, his assets, and the administration of the estate will not support jurisdiction ...") *See Also In re Lunsford*, 12 B.R. 762 (Bkrtcy.M.D.Ala.1981); *In re Universal Profile*, 6 B.R. 190 (Bkrtcy.N.D.Ga.1980); 1 Collier on Bankruptcy, § 3.01 at 3–46, 3–49 (15th Ed.1983).

**9.** 44 B.R. at 134.

**10.** 728 F.2d 1283 (10th Cir.1984).

**11.** *Id.* at 1286.

**12.** See *In re Lafayette Radio Electronics Corp.*, 761 F.2d 84 (2d. Cir.1985); *In re K & L Limited*, 741 F.2d 1023 (7th Cir.1984); *In re Turner*, 724 F.2d at 338.

**13.** 704 F.2d 254 (6th Cir.1983).

non-Art. III judge ... bankruptcy judges may not issue binding judgments in related proceedings. In these cases, the bankruptcy judges are limited to submitting findings of fact and proposed rulings ..." [14]

■ We need not attempt here any further definition of what constitutes a proceeding "related to" a bankruptcy case, other than to say that such a judgment must be made on a case-by-case basis after careful consideration of the facts surrounding both the specific controversy at hand *and* those generally attending the entire bankruptcy. If an action has a direct and substantive impact on the bankruptcy estate or its administration, then it is related to the bankruptcy case and jurisdiction exists. But if a controversy has only a vague or incidental connection with a pending case, and any impact its resolution may have on the bankruptcy estate is speculative, indirect or incidental, then the matter is unrelated to the bankruptcy case and we would not hear it. [15]

■ In the Citizens claim against Brothers, pre-1984 amendment caselaw clearly holds that a creditor's suit against a debtor's guarantor is a related proceeding. [16] While these cases were decided prior to the present jurisdictional scheme, we find that their reasoning is still persuasive and hold that we have "related to" jurisdiction over Citizens' suit against Brothers.

■ Not so clear is our attitude toward the Citizens action against Schaberg. In *Dr. C. Huff* [17] we held that a similar priority dispute between two creditors was unrelated to the bankruptcy proceeding and that we were without jurisdiction to decide the controversy on its merits. In that case we specifically found that the resolution of the creditor's priority dispute would have *no effect* on the bankruptcy estate; the controversy was between two secured creditors over property in which neither the debtor nor debtor's estate had any interest. In the present proceeding, however, the resolution of the priority question between Citizens and Schaberg will have a direct and immediate impact on the Chapter 11 debtor. [18] Schaberg is an unsecured creditor, while Citizens is secured. If Citizens were to succeed in its conversion action against Schaberg, then the claim of the debtor's sole secured creditor would be reduced or eliminated, and Citizens' liens on the debtor's property would be proportionately diminished. Therefore, in the event of the debtor's liquidation, correspondingly more assets would be available for distribution to unsecured creditors. This direct impact on the debtor's estate is enough to confer "related to" jurisdiction on this court.

■ Having decided that we have jurisdiction to decide the Citizens claim against Schaberg, we now face the harder question of whether to exercise that power. Section 1334(c)(1) of the code and federal caselaw [19] allow us to abstain under appropriate circumstances. Citizens' suit contains many factors which point to the possibility of

14. *Id.* at 263.

15. *See In re Turner,* 724 F.2d at 341; *First State Bank and Trust Company of Guthrie Oklahoma v. Sand Springs State Bank,* 528 F.2d 350 (10th Cir.1976); *Associated Electrical Supply Co. of Oklahoma v. C.B.S. Electronic Sales Corporation,* 288 F.2d 683 (8th Cir.1961).

16. *In re Brentano's, Inc.,* 27 B.R. 90 (Bkrtcy.S.D. N.Y.1983); *In re Greeman Motors, Inc.,* 22 B.R. 1 (Bkrtcy.D.N.M.1982); *In re Hartley,* 16 B.R. 777 (Bkrtcy.N.D.Ohio 1982).

17. 44 B.R. at 129.

18. We need not consider whether the fact that this priority dispute arose in a Chapter 11 case, as opposed to a Chapter 7 case, would be sufficient to confer jurisdiction on this court.

19. A Bankruptcy Court as a unit of a Federal District Court has the power to abstain from a proceeding under the provisions of 28 U.S.C. § 1334(c)(1). *See In re Jodan's Pro Hardware,* 49 B.R. 976 (Bkrtcy.E.D.Wisc.1985); *In re All American of Ashburn, Inc.,* 49 B.R. 926 (Bkrtcy. N.D.Ga.1985); *In re DeLorean Motor Company,* 49 B.R. 900 (Bkrtcy.E.D.Mich.1985); *In re Lathrop,* 49 B.R. 885 (Bkrtcy.N.D.Ill.1985); *Matter of McRae Fire Protection, Inc.,* 49 B.R. 773 (Bkrtcy.E.D.Mich.1985); *In re Smith-Douglass, Inc.,* 43 B.R. 616 (Bkrtcy.E.D.N.C.1984); *In re Atlas Automation, Inc.,* 42 B.R. 246 (Bkrtcy.E.D. Mich.1984); *In re Dakota Grain Systems, Inc.,* 41 B.R. 749 (Bkrtcy.D.N.D.1984). Further, under

discretionary abstention. It is an action based on unsettled state law in an important area of state commercial policy; a jury trial might be warranted; a state court might be able to adjudicate the matter more promptly and competently.

Since we did not ask the parties to brief the question of abstension when addressing the primary jurisdictional issues, we will defer a decision on abstaining from the Citizens' claim against Schaberg until the parties have had an opportunity to address that issue. Factors we will examine in a hearing on abstention include: 1) the nature and importance of the unsettled issues of state law involved in the action in question; 2) the prospects for a timely adjudication of the controversy by an appropriate state forum; and 3) whether the parties would have the right to a jury trial in state court.

A separate order reflecting these findings of fact and conclusions of law will be entered with this opinion.

pre-1984 caselaw Bankruptcy Courts could abstain in cases involving unsettled questions of state law in areas of important state interests. *See Louisiana Power & Light v. Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959); *Thompson v. Magnolia Co.,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); *First National Bank of White River Jct. v. Reed,* 306 F.2d 481 (2d Cir.1962); *Dudley v. Board of City Trusts of Philadelphia,* 361 F.Supp. 714 (E.D.Pa.1973); *Grove Press, Inc. v. Bailey,* 318 F.Supp. 244 (N.D. Ala.1970).