In the Matter of The GIBBONS–GRABLE COMPANY, Debtor.

Bankruptcy No. 686–00875.

United States Bankruptcy Court, N.D. Ohio.

Oct. 24, 1988.

Roger Stevenson of Roetzel & Andress, Akron, Ohio, for plaintiff.

J. Bruce Hunsicker of Brouse & McDowell, Akron, Ohio, for co-trustees.

John F. Boggins, Canton, Ohio, for Soehnlen Piping Co.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presented is a motion for relief from the automatic stay and/or the discharge injunction. Packaging Corporation of America (PCA) seeks such relief so as to be permitted to pay over money, retained by it under a construction contract with the Debtor, to certain subcontractors and employees of the Debtor who have filed mechanics' liens against PCA's property.

The Co–Trustees of The Gibbons Grable Assets Disposition Trust (Co–Trustees) filed an objection to PCA's motion, maintaining that PCA's claim of setoff, asserted under 11 U.S.C. § 553, is improper. The Co–Trustees challenge the validity of the mechanics' liens and maintain that the bankruptcy court is the correct forum to make the determination. Soehnlen Piping Company (Soehnlen), the holder of one of the mechanics' liens, filed a response objecting to this court's jurisdiction.

A preliminary hearing was held on August 26, 1988, and a final hearing on September 23, 1988. The matter was taken under advisement to be decided by the court upon the submitted memoranda.

### FACTS

PCA, the owner of an industrial plant, contracted with the Debtor for certain construction work. The Debtor completed the work prior to filing for relief under Chapter 11 of Title 11 of the United States Code on July 7, 1986.

PCA paid all amounts due the Debtor under the contract prior to the filing for bankruptcy protection except for $18,-148.06. Between July 18, 1986 and August 29, 1986, approximately $23,096.42 in mechanics' liens were filed by employees and subcontractors of the Debtor against the property of PCA. Soehnlen claims a mechanic's lien in the amount of $14,446.34. PCA asserts a pre-petition claim against the Debtor in an amount equal to the mechanics' liens which it proposes to set off against the money it owes the Debtor pursuant to the construction contract.

### DISCUSSION

Ohio Rev.Code § 1311.02 provides for the creation of liens upon various kinds of property on behalf of any person or corporation who does work or labor, or furnishes material or machinery, or provides other services pursuant to a contract. These mechanics' liens attach to

such house, mill, manufactory, furnace, or other building, or appurtenance, fixture, bridge, or other structure, or nursery stock, or gas pipeline, or well ... and upon the machinery or material so furnished, and upon the interest, leasehold, or otherwise, of the owner, part owner, or lessee, in the lot or land upon which they stand, ....

Ohio Rev.Code § 1311.02.

Accordingly, Soehnlen and the other claimants assert liens against the real and personal property of PCA.

Under the provisions of 28 U.S.C. § 157(b)(1), the bankruptcy court has the authority to hear and determine all core proceedings which arise in or under the Bankruptcy Code.

Among the matters listed as "core proceedings" under Section 157(b)(2) is the determination of the validity, extent or priority of liens. Section 157(b)(2)(K). Section 157(b)(2) must be read as empowering the court only to make a determination of the validity, extent or priority of liens upon property of the estate. *In re Dr. C. Huff Company, Inc.*, 44 B.R. 129, 134 (Bankr.W. D.Ky.1984).

**114**

The Co–Trustees, relying on Ohio Rev.Code § 1311.15 [1], assert that Soehnlen's mechanic's lien reaches the funds held by PCA that are due the Debtor pursuant to the construction contract and that the Co–Trustees also have a claim or lien against those same funds under 11 U.S.C. § 544(a)(2).[2] Therefore, the Co–Trustees assert that these competing liens vest jurisdiction over the instant motion in this court as a core proceeding under Section 157(b)(2)(A) and (K).

From its review of Ohio Rev.Code § 1311.15, the court does not find therein the creation of any rights for the mechanics' lien claimants in the contract proceeds. Ohio Rev.Code § 1311.15 merely provides, as its title states, for the determination of superiority of liens and the effects of an assignment. Accordingly, the court finds that there are no competing liens on property that is property of the estate which would vest this court with jurisdiction pursuant to Section 157(b)(2).

The court now turns its attention to whether this is a non-core, related proceeding under which the court may conduct hearings, but may not enter final orders without the consent of the parties. 28 U.S. C. § 157(c)(2).

No definition of what constitutes a "related proceeding" exists in either 28 U.S.C. §§ 157 or 1334, but case law provides guidance. As was stated by the court in *In re Bowling Green Truss, Inc.*, 53 B.R. 391, 394 (Bankr.W.D.Ky.1985):

If an action has a direct and substantive impact on the bankruptcy estate or its administration, then it is related to the bankruptcy case and jurisdiction exists. But if a controversy has only a vague or incidental connection with a pending case, and any impact its resolution may have on the bankruptcy estate is speculative, indirect or incidental, then the matter is unrelated to the bankruptcy case and we would not hear it.

In the present case the court is faced with a motion for relief from the automatic stay and/or the discharge injunction to permit PCA to pay certain lien claimants. The conflict between PCA and the lien claimants involves no issue of bankruptcy law, but only questions of state law. Additionally, the property subject to the liens is not property of the estate. Therefore, any decision by this court as to the validity of the mechanics' liens on PCA's property will have no effect on Debtor's bankruptcy proceeding.

The only connection that the dispute between PCA and the lien claimants has to the Debtor's bankruptcy proceeding is PCA's assertion of a right of setoff. The court finds, however, that this connection is too remote and speculative to bring the matter within the court's jurisdiction in that any right of setoff that PCA may possess is contingent upon a determination of the validity of the mechanics' liens which this court finds to be a non-core, unrelated proceeding.

1. Superiority of liens; assignment.

The lien of a subcontractor shall be superior to any already taken or to be taken by the principal contractor in respect of the same labor, machinery, material, or fuel, and the liens of laborers, mechanics, or persons furnishing machinery, material, or fuel to a contractor or subcontractor, shall be superior to any lien already taken or to be taken by such contractor or subcontractor indebted to them in respect of such labor, machinery, material, or fuel. An assignment or transfer by the principal contractor or subcontractor, of his contract with the owner or principal contractor, as well as all proceedings in attachment, or otherwise, against such principal contractor or subcontractor, to subject or encumber his interest in such contract, is subject to the claims of every laborer, mechanic, subcontractor or materialman,

who furnishes any labor, machinery, material, or fuel towards the construction, excavation, alteration, removal, or improvement as designated in sections 1311.01 to 1311.68, inclusive, of the Revised Code.

2. The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . . .

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; . . .

Accordingly, as PCA's motion for relief from the automatic stay and/or discharge injunction appears to be dependent upon a finding that it is entitled to set off its mechanics' lien liability against its indebtedness to the Debtor, the motion must fail as this court deems itself to be without jurisdiction to deal with such mechanics' liens.

An order in accordance herewith shall issue.