**Craig Allen SHOWALTER, Plaintiff,**

v.

**Bradley RINARD and State Farm Mutual Automobile Insurance Company, an Illinois corporation, Defendants,**

v.

**Kris SHOWALTER, Third–Party Defendant.**

**Civ. No. 90–732–FR.**

United States District Court, D. Oregon.

April 19, 1991.

Jonathan M. Friedman, Dixon & Friedman, Portland, Or., for plaintiff.

Jackson H. Welch, Landerholm, Memovich, Lansverk & Whitesides, Inc., Vancouver, Wash., for defendants.

## OPINION

FRYE, District Judge:

The matter before the court is the motion (# 49) of the plaintiff, Craig Allen Showalter, for clarification, enlargement and reconsideration of the order of December 6, 1990, 752 F.Supp. 963 (D.Or.1990) dismissing his claim against defendant Bradley Rinard.

## BACKGROUND

This dispute involves claims arising from a motor vehicle accident and the settlement of those claims. On or about December 17, 1986 in Kalama, Washington, Craig Showalter and his wife, Kris Showalter, were involved in an automobile collision with Bradley Rinard. Rinard was insured under a liability insurance policy issued in the State of Washington. At the time of the accident, Craig Showalter, Kris Showalter, and Rinard were residents of the State of Washington.

Following the collision, Craig Showalter moved to the State of Oregon. On August 7, 1989, Craig Showalter filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Oregon. On November 3, 1989, his bankruptcy plan was confirmed by order of the bankruptcy court.

In his complaint, Craig Showalter alleges that the negligence of Rinard caused the automobile accident of December 17, 1986. He seeks to recover $7,830.89, which represents the amount of the unpaid medical bills of Kris Showalter for which he is liable pursuant to R.C.W. 26.16.205, and non-economic damages for loss of consortium which he alleges was caused by the accident.

On December 6, 1990, this court dismissed the claim of Craig Showalter against Rinard on the grounds that the court did not have personal jurisdiction over Rinard for purposes of a suit based on diversity of citizenship.

## CONTENTIONS OF THE PARTIES

Craig Showalter contends that the court erred in dismissing his claim against Rinard for lack of personal jurisdiction. He argues that the claim against Rinard is the property of his bankruptcy estate, and therefore this court has personal jurisdiction over Rinard for the purpose of adjudicating the claim against Rinard because a case relating in any way to a bankruptcy estate or to the property of the debtor may be filed in the federal district court where the bankruptcy case is filed, regardless of whether the state or federal courts in that state would otherwise have personal jurisdiction over the defendant.

Rinard contends that Craig Showalter's claim against him is not part of the bankruptcy estate of Craig Showalter, and that the claim was properly dismissed because the court lacks personal jurisdiction over him.

## APPLICABLE LAW

For purposes of a motion under Fed.R.Civ.P. 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and must generally accept as true the facts alleged. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). The court should dismiss a complaint for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

## ANALYSIS AND RULING

Craig Showalter argues that because this court has jurisdiction over his claim against Rinard under the Bankruptcy Code, there is nationwide service of process in conjunction with his claim, and therefore this court has personal jurisdiction over Rinard for the purpose of adjudicating Craig Showalter's claim. *In re Fleet*, 53 B.R. 833, 841

(Bankr.E.D.Pa.1985). The first statute that Craig Showalter relies upon is 28 U.S.C. § 1334(b), which provides, in part: "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

■ A civil proceeding is "related" to a bankruptcy case for the purpose of establishing jurisdiction under section 1334(b) if there is a reasonable nexus or logical connection between the two. *In re Haug*, 19 B.R. 223, 224 (Bankr.D.Or.1982). A controversy that has only a vague or incidental connection with a pending case in bankruptcy, or the resolution of which may have only a speculative, indirect or incidental effect on the bankruptcy estate, is unrelated to the bankruptcy estate within the meaning of section 1334. *In re Bowling Green Truss, Inc.*, 53 B.R. 391, 394 (Bankr. D.Ky.1985).

There are two components to the claim of Craig Showalter: 1) that the negligence of Rinard was the proximate cause of the injuries sustained by Kris Showalter for which she incurred medical bills in the sum of $7,830.89 and for which Craig Showalter is liable under the laws of the State of Washington; and 2) that the negligence of Rinard was the proximate cause of the loss of the consortium of his wife.

■ Pursuant to O.R.S. 23.160(1)(j)(B), up to $7,500.00 of any award Craig Showalter receives from a personal injury claim is exempt from execution by the bankruptcy estate. Thus, even if Craig Showalter was successful in his claim against Rinard to recover $7,830.89 for medical services provided for Kris Showalter, the outcome of that proceeding would have virtually no effect on the bankruptcy estate because it would result in only a $300.00 gain to the bankruptcy estate. Pursuant to *In re Bowling Green Truss, Inc.*, resolution of the first component of the claim of Craig Showalter against Rinard would have only an incidental effect on the bankruptcy estate and therefore is insufficient to establish jurisdiction under section 1334(b). The second component of the claim of Craig Showalter is for non-economic damages resulting from an alleged loss of the consortium of his wife. This claim has only a vague connection to the proceeding in bankruptcy and therefore is also insufficient to establish jurisdiction under section 1334(b). *Id.*

■ Craig Showalter also relies on 28 U.S.C. § 1334(d) in support of his claim that this court should invoke the nationwide service of process available under the bankruptcy laws to exercise personal jurisdiction over Rinard. 28 U.S.C. § 1334(d) provides: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

Craig Showalter listed his personal injury claim against Rinard on Schedule 2(b) of his Chapter 13 debtor's plan as a "PI claim (unliquidated)" under the section of the form provided for listing the personal property owned by the debtor at the date of filing the original petition.

Pursuant to the Chapter 13 debtor's plan filed by Craig Showalter, his only obligation is to pay the trustee $50.00 per month for the life of the Chapter 13 plan. The plan does not provide for any distribution of assets to the secured or unsecured creditors of Craig Showalter. The plan was confirmed by the bankruptcy court on August 7, 1989.

Paragraph 6 of the plan provides:

> Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate shall vest in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan pursuant to 11 USC § 1327.

Exhibit 2 to Affidavit of Jonathan M. Friedman. Thus, any claim that Craig Showalter has against Rinard is vested in him free and clear of any claim or interest of any creditor, and the trustee is not pursuing a claim against Rinard.

**600**

Craig Showalter argues that because the plan also provides that the trustee in bankruptcy is to be advised if he prevails on his personal injury claim, the court should view the personal injury claim as property of the bankruptcy estate. This notification provision is insufficient to justify extending jurisdiction to an unrelated proceeding that is unlikely to affect the administration of the bankruptcy estate and to justify invoking nationwide service of process to bring Rinard, who has no connections with the State of Oregon, into this court.

While the jurisdictional provisions of the Bankruptcy Code are necessarily broad, they do not and should not encompass proceedings which have little or no effect upon the ultimate resolution of the bankruptcy case. *Hall v. Jet Television Rental*, 30 B.R. 799, 802 (Bankr.D.Tenn.1983). The claim asserted by Craig Showalter against Rinard, even if successful, would have little or no effect upon the ultimate resolution of his bankruptcy case. Because the claim of Craig Showalter against Rinard cannot be properly viewed as either "relating" to his bankruptcy proceeding or as property of his bankruptcy estate, this court cannot exercise personal jurisdiction over Rinard on the basis of the bankruptcy laws. The court has determined that it does not have personal jurisdiction over Rinard for the purpose of an action based on diversity of citizenship. Therefore, the claim of Craig Showalter against Rinard was properly dismissed.

### CONCLUSION

Craig Showalter's motion for reconsideration (# 49) is denied.