**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-40011
Summary Calendar

_____

IN THE MATTER OF: Joseph A. Hansler, doing
business as Automated Services, Inc.,

                                        Debtor.

JOSEPH A. HANSLER,

                                        Appellant,

                        versus

ALLEN L. POTTER,

                                        Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(96-20848-C-13)
_____

November 26, 1999

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

Per Curiam:[*]

This appeal presents one issue: Whether the bankruptcy court had jurisdiction to approve and disburse attorney's fees to Allan Potter ("Potter") after Chapter 13 debtor Joseph Hansler ("debtor") exercised his right to dismiss the proceeding.  We hold that it did.

The debtor invoked his right to dismiss under 11 U.S.C. § 1307(b) on August 13, 1997.  Twelve days later, on August 25,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Potter, the debtor's former attorney who had represented the debtor in his Chapter 13 proceeding, filed a motion with the bankruptcy court to reconsider its August 13 order dismissing the case. The sole purpose of the motion was to get the court to approve and the trustee to disburse attorney's fees. Eventually, this disbursement was funded in part by the trustee's recovery of funds that had been erroneously disbursed to another creditor. The Code expressly provide that the debtor's attorney can apply to the court, and the court may approve, compensation for services rendered to the estate.[2]

Like other courts that have considered this issue, we hold that dismissal of a Chapter 13 proceeding "does not result in the bankruptcy court losing jurisdiction to consider the allowance of attorney fees to Debtor's counsel."[1] Moreover, until the estate is fully administered and the court has discharged the trustee, the trustee has the power, inter alia, to correct errors made during the administration process.[2] Although the debtor's § 1307(b) dismissal may have precluded the bankruptcy court from taking other actions, the court had jurisdiction to approve and disburse attorney's fees to Potter.

---

[2]See 11 U.S.C. §§ 330, 331.

[1]In re Harshbarger, 205 B.R. 109 (Bankr. S.D. Ohio 1996) (quoting In re Fricker, 131 B.R. 932, 938 (Bankr. E.D.Pa. 1991)); see also In re Lawson, 156 B.R. 43, 46-47 (B.A.P. 9th Cir. 1993), aff'd 999 F.2d 543 (9th Cir. 1993) (holding that court had jurisdiction to award attorney's fees even after the bankruptcy was dismissed).

[2]11 U.S.C. § 350; cf. Lathorp v. Meyer (In re Helena B. Lathorp), 49 B.R. 885, 887 (1985).

As our holding on this point resolves this appeal, we need not address other issues raised by the parties.  The judgment of the bankruptcy court is AFFIRMED.